LOUIS DRILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10551. Promulgated April 28, 1947.

*Samuel Klein, Esq.,* for the petitioner.
*Neil D. McCarthy, Esq.,* for the respondent.

### OPINION.

Arundell, *Judge*: The expenses for which petitioner claims deduction under section 23 (a) of the Internal Revenue Code relate to food and clothing. Ordinarily, expenses for food and clothing, however, are about as personal as any expense can be; and personal expenses are expressly made nondeductible by virtue of section 24 (a) of the code.

It is only in connection with travel expenses that the statute makes specific provision for the deduction of the cost of meals. We do not understand petitioner to contend that he was on a travel status on the nights he worked overtime; and if he did so contend, the evidence would not support it. Petitioner did not go to his house for his lunches during his work day, and he concedes that the cost of lunches is not deductible. He contends, however, that if it had not been for the fact that he worked overtime, for which he was paid a bonus of $1,000, he

would not have incurred the expense for his evening meals; and he concludes that such expense was thus necessary to the earning of his income.

So far as deductibility is concerned, we can see no difference in principle between the petitioner's daily lunches and the evening meals he ate in restaurants on those nights when he worked overtime. Both are essentially personal expenses and therefore are nondeductible.

As for the clothing expense, petitioner relies on decisions allowing deduction for the cost and cleaning of uniforms, such as nurses' uniforms, *Eleanor E. Meier*, 2 T. C. 458; *Helen Krusko Harsaghy*, 2 T. C. 484; or uniforms of a highway patrolman, *Commissioner* v. *Benson*, 146 Fed. (2d) 191. Petitioner claimed $75 expense in this connection, which, according to his testimony, was based on his estimate that in an average year he ruins or spoils one suit of clothes, two pairs of shoes, two or three hats, and about three shirts.

Petitioner was not required by his employer to wear a uniform or any other particular type of clothing at his work, and it appears that the clothing which he did wear was of a kind adaptable to be worn generally, away from work as well as at work. It may well be that in petitioner's occupation his suits, shoes, and hats were subjected to harder use and more wear and tear than usual, and that after a day's work his clothing would be soiled to the point where as a matter of personal taste he would not want to wear it in social pursuits. But that is not determinative of the right to a deduction.

The cases relied upon by petitioner are not in point on the facts here present. We conclude that the expense is of a personal nature and therefore is not deductible.

*Decision will be entered for the respondent.*