Arthur L. Fairley v. Commissioner.
Fairley v. Commissioner
Docket No. 16789.
United States Tax Court
1948 Tax Ct. Memo LEXIS 123; 7 T.C.M. (CCH) 537; T.C.M. (RIA) 48144; August 4, 1948
Julian V. D. Orton, Esq., Salem, N. Y., for the petitioner. John J. Madden, Esq., for the respondent. KERN Memorandum Opinion KERN, Judge: The respondent determined a deficiency in petitioner's income tax for the year 1944 in the sum of $79. The sole issue presented by the pleadings is whether petitioner is entitled to a deduction in the sum of $460, claimed on account of meals purchased by petitioner during the taxable year. [The Facts] The facts have been stipulated, and the stipulation of facts reads as follows: 1. The petitioner filed a joint income tax return with his wife, Marguerite Fairley, for the calendar year 1944 with the Collector of Internal Revenue, 14th District of New York, N. Y. 2. Petitioner, during 1944, resided in the Village of Salem, Washington *124 County, New York. 3. Petitioner's income for 1944 amounted to $1,215.00, and the income of his wife for the same period was in the sum of $954.00, or a total of $2,169.00. 4. Petitioner, during 1944, was employed by the United Baking Company of Schenectady, N. Y., as the driver of a bread truck owned by that company. 5. Petitioner drove said truck for the United Bakning Company daily during the year 1944 on a route out of Salem, Washington County, New York, which route took petitioner daily into the State of Vermont on a circuitous route ending at Salem, New York. 6. Petitioner left daily on his route from Salem, New York, at about 4:30 A.M., and returned to Salem, New York, daily at about 4:30 P.M. 7. Petitioner, during the year 1944, expended out of his own funds the sum of $460.00 for daily breakfasts and noon meals while driving on his route. 8. Petitioner was not reimbursed by his employer for the sums spent for daily breakfasts and noon meals. 9. Petitioner's residence, home and family, were maintained by him in Salem, New York, in 1944, and petitioner returned daily to said residence. 10. The sole issue herein involved concerns the denial by respondent of a *125 deduction in the foregoing amount of $460.00 spent for daily breakfasts and noon meals, and claimed by petitioner on the return filed for the calendar year 1944. [Opinion] As we said in Louis Drill, 8 T.C. 902, 903: "* * * Ordinarily, expenses for food and clothing, * * * are about as personal as any expense can be; and personal expenses are expressly made nondeductible by virtue of section 24 (a) of the code."Petitioner, however, claims the deduction herein involved, pursuant to section 23 (a) (1) (A) of the Internal Revenue Code, which permits a deduction of: "* * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * *." Under this provision the taxpayer may deduct expenditures for meals, when such expenditures constitute traveling expenses, and during a time when the taxpayer is on a travel status, or while he is "away from home," within the meaning of the statute. Under the facts as stipulated we are unable to make the ultimate finding of fact that petitioner, during the taxable year, was on a travel status, or was "away from home," within the meaning *126 of section 23 (a) (1) (A). Therefore, we conclude that the amounts expended by petitioner for meals, on account of which he claims the deduction here in issue, were nondeductible personal expenses. Decision will be entered for the respondent.