GUNNAR VAN ROSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24695.   Promulgated November 27, 1951.

*Charles J. Nager, Esq.,* for the petitioner.
*William E. Murray, Esq.,* for the respondent.

OPINION.

TURNER, *Judge:* Gross income is defined in section 22 (a) of the Internal Revenue Code as including "gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, * * * also * * * gains or profits and income derived from any source whatever." The petitioner does not take issue with the general proposition that money or other consideration to the extent of the value thereof received by an employee as consideration for the services rendered by him is income taxable to the employee. Neither does he deny that the cash allowances here in question were received by him pursuant to the terms of his contract of employment. It is his claim, however, that because of the particular circumstances and nature of his employment, the cash allowances "for subsistence and quarters" received by him while living at home and working at the shipyard in Brooklyn are excludible from his gross income.

We find it difficult to conclude that, for the purpose of reporting income and paying the tax thereon, this petitioner should be regarded in a light more favorable, tax-wise, than any other civilian employee whose employment is such as to permit him to live at home while performing the duties of his employment. In both instances, there is *de facto* receipt under the employment contract of x dollars, whether the consideration be denominated salary only, or salary and allowances, or base pay plus an allowance for subsistence and quarters, which dollars the employee, in each instance, has as his own and without any restriction on their use or expenditure. It is, of course, elementary that the earning of a livelihood is normally the major purpose an individual has in mind in seeking employment and performing the duties thereunder, and the employee must have subsistence and quarters if he is to live and perform the services contemplated. Generally then it may reasonably be assumed that an employee is dependent for such subsistence and quarters on the consideration, however denominated or in whatever form received, flowing to him under

his contract of employment. It follows, we think, that payments so received must be presumed to be remuneration or compensation within the above definition of gross income, unless clearly and definitely shown to be otherwise.

As authority for the proposition that the cash allowances received by him for subsistence and quarters under his contract of employment are different and are to be distinguished from the usual case where remuneration, including salary and allowances, is received by an employee, the petitioner relies chiefly on the decision of the Court of Claims in *Jones* v. *United States*, 64 Ct. Cl. 552, to the effect that neither subsistence and quarters in kind nor cash allowances in commutation thereof furnished to an army officer while on duty at his designated post are compensatory in character and, accordingly, do not constitute taxable income; and on various other cases wherein it has been held that due to particular and peculiar facts of the employ- ment and the services to be rendered, subsistence and quarters in kind furnished by the employer are not income to the employee. He also stresses the provision in the Marine Personnel Regulations of the Transportation Corps of the Army, to the effect that where subsistence and quarters in kind are authorized but cannot be furnished, "for whatever reasons, cash allowances in lieu thereof may be authorized by the appropriate administrative officer when such authorization is for the convenience of the Government"; and the further provision that "In conformity with prevailing maritime practice, the allowances for subsistence and quarters furnished, either in kind or in cash, are not subject to the withholding tax provisions of the Current Tax Payment Act [1943]." As conclusive of the proposition that the cash allowances were paid for the convenience of the Government, he cites a letter, dated March 8, 1948, and signed B. E. Torning, Prin. Marine Supt., Water Division, on a letterhead reading "Headquarters, New York Port of Embarkation," to the effect that the cash allowances paid to the petitioner were "strictly in accordance with Army Regulations for the convenience of the Government in order to have a Master in charge of the vessel during the entire period of conversion."

While it is true that there are numerous cases in which it has been held that the subsistence and quarters furnished in kind to an employee in connection with his employment did not result in a realization of income by the employee, *Jones* v. *United States*, *supra*, is the only case which has been called to our attention wherein it has been held that a cash allowance in commutation of subsistence and quarters was not income to the employee. Invariably the answer to the question whether or not subsistence and quarters furnished in kind constituted income to the employee has turned on the facts of the particular case. The catch phrase "furnished for the convenience of the employer" has

oftentimes been adopted as a short-cut expression to describe the subsistence and quarters furnished, where the tax result has been favorable to the employee. Rather obviously, such a statement, and nothing more, is an over-simplification of the problem. In the first place, all of the cases in which the question has arisen, as is true in this case, have been cases where the quarters and subsistence have been furnished pursuant to the terms of the contract of employment. Rather obviously, neither the salary nor the subsistence and quarters would have been provided unless the employer regarded the expenditures as being for his convenience. If the converse had been true, we think it reasonable to assume that there would have been no employment at all. Furthermore, both the regular wage and the subsistence and quarters may, as a general proposition, be regarded as for the convenience of the employee. Not only is that true, as a simple matter of economics, but even where it can be said that the subsistence and quarters or the value thereof does not constitute taxable income to the employee, the employee has received, tax free, accommodations which if otherwise acquired would have required payment therefor by him out of his salary, other income, or property. The better and more accurate statement of the reason for the exclusion from the employee's income of the value of subsistence and quarters furnished in kind is found, we think, in *Arthur Benaglia*, 36 B. T. A. 838, where it was pointed out that, on the facts, the subsistence and quarters were not supplied by the employer and received by the employee "for his personal convenience comfort or pleasure, but solely because he could not otherwise perform the services required of him." In other words, though there was an element of gain to the employee, in that he received subsistence and quarters which otherwise he would have had to supply for himself, he had nothing he could take, appropriate, use and expend according to his own dictates, but rather, the ends of the employer's business dominated and controlled, just as in the furnishing of a place to work and in the supplying of the tools and machinery with which to work. The fact that certain personal wants and needs of the employee were satisfied was plainly secondary and incidental to the employment.

With respect to the provisions of the Marine Personnel Regulations of the Transportation Corps of the Army upon which the petitioner relies, the petitioner introduced in evidence a copy of a ruling made by the Commissioner of Internal Revenue, under date of August 12, 1943, at the request of the Office of the Chief of Transportation, War Department, as the authoritative basis for the said regulations and as support for his claim as to the tax effect of his receipt of the cash allowances. The Transportation Corps, for some period of time, withheld a portion of the cash allowances on the theory that such cash allowances were income taxable to the petitioner, but later, presumably after the regulations above mentioned were issued, the with-

holding was discontinued as to subsequent payments. Whatever the answer to the question here as to the character, tax-wise, of the cash allowances, the ruling of August 12, 1943, is not in point and supplies no basis for the Transportation Corps regulation that cash allowances for subsistence and quarters are not subject to withholding tax under the Current Tax Payment Act of 1943, since that ruling, by its terms, was limited to the character, tax-wise, of subsistence and quarters furnished in kind to Marine personnel on board ships. Subsistence and quarters furnished in kind to Marine personnel while in performance of their duties on board ships are clearly, we think, of the same character as the subsistence and quarters in kind dealt with in *Arthur Benaglia, supra*, and are quite different in character from the cash allowances made as being "for subsistence and quarters" while the petitioner was living at home and performing the duties of his employment at the Brooklyn shipyard. It is to be noted, also, in *Jones* v. *United States, supra*, that while the Court of Claims did draw a comparison between the maintenance and housing furnished to Jones, the army officer, and the master of a vessel, the Court with respect to the master of a vessel was expressly referring to the "living quarters" furnished the master of a vessel "while on a voyage."

As previously stated, the Court of Claims, in *Jones* v. *United States, supra*, did hold that the cash allowances made to any army officer in commutation of subsistence and quarters, the army officer having been ordered to a post of duty where quarters were not available, were not compensatory in character and, accordingly, not includible in gross income. In allowing the exemption or exclusion from taxable income the Court of Claims noted particularly the fact that the taxpayer in that instance was an army officer and that the terms and conditions of his service were much more rigid and his freedom of action much more restricted than in the case of a civilian employee, *who worked under the terms of a negotiated contract of* employment. While the service rendered by this petitioner was rendered in time of war and the restrictions on his freedom of action may have been more rigid than they would have been in times of peace, it is nevertheless true that petitioner was a civilian employee of the Army Transportation Corps, and it is an accepted fact that civilian employment and the terms thereof were on a substantially different basis than that of personnel in the armed forces, and as an inducement to the acceptance of such employment the scale of pay was substantially greater. We do not believe, therefore, that on the record here we may conclude that the circumstances and conditions existing in the case of the army service of Jones, and upon which the Court of Claims relied for its decision in his case, were the same as those existing in this petitioner's employment. In short, while the *Jones* case is authority for the exclusion from gross income by mili-

tary personnel of cash allowances made to them for subsistence and quarters, it does not, in our opinion, require or justify an extension of the rule therein to similar allowances made to civilian personnel.

The petitioner here is asking us to construe the statute so as to exempt from tax a portion of the moneys received by him under and pursuant to his contract of employment. We have noted above our inability to make a practical distinction between the cash allowances received by the petitioner and those received by other civilian employees, and the reasons therefor. In *United States* v. *Stewart*, 311 U. S. 60, the Supreme Court had before it a question whether gain admittedly realized upon the sale of farm loan bonds was exempt from income tax, under section 22 (b) (4) of the statute providing for the exemption of interest upon such bonds, and not includible in gross income under the broad sweep of the provisions of section 22 (a). In holding that the statute should not be construed to exempt the gain which had there been realized, the Supreme Court quoted a sentence from its former opinion in *Trotter* v. *Tennessee*, 290 U. S. 354, at page 356, to the effect that "Exemptions from taxation are not to be enlarged by implication if doubts are nicely balanced." Certainly the reasons for doubts in favor of nontaxability are no stronger in the instant case than they were in the *Stewart* case.

The conclusion reached, in our opinion, finds further support from an examination and consideration of the general scheme of the income tax statute. In the first place, Congress in section 22 (a) required that a taxpayer report as gross income all gains and profits, including compensation for personal services of whatever kind and in whatever form paid, also gains or profits and income derived from any source whatever. In section 22 (b), it has specified the items to be excluded, which otherwise would fall within the comprehensive definition of gross income in section 22 (a). In section 23, it set forth the deductions to be allowed against gross income in computing net income to which the specified rates were to be applied. And in section 25, credits to be allowed against net income before application of the tax rates have been carefully specified. An examination of the provisions of section 25 (b) makes it plain that Congress there had in mind such allowances as it desired to make with respect to the living expenses of a taxpayer, his spouse and dependents. Furthermore, in section 23 (a) (1), Congress specified the circumstances under which amounts expended for meals and lodging might be deducted. The expenditures so allowed as deductions are described as "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." The petitioner here seems to feel that a strong point in his favor for the exclusion from income of the cash allowances received by him for subsistence and quarters, was the fact that he had no voice in the sending of the

Wisteria to the shipyard in Brooklyn, which made it possible for him to live at home, and that the Transportation Corps might well have picked a shipyard located in some other place, such as Boston, in which instance the performance of his duties pursuant to his orders would not have permitted him to live at home. From that fact, he reasons that since the orders to Brooklyn or the orders to Boston would have been made without regard to the fact that his home happened to be in Brooklyn, the cash allowances in each instance would necessarily be the same in character and since the cash allowances would have been in the nature of reimbursement if his duty has been in Boston and not, therefore, in the nature of compensation received, the same result follows as to the cash allowances here in question.[1] This reasoning, plainly, we think, springs from the fact that Congress, in section 23 (a) (1) allowed the deduction for meals and lodging while away from home on business, and from reasoning further that where there was reimbursement from the employer of items which if borne by the employee would have been deductible, the money received in reimbursement is not gross income. With that reasoning we find no fault. The only difficulty, in so far as this petitioner is concerned, is that in his case no amounts were expended or incurred by him during the period of his service at the shipyard in Brooklyn for meals and lodging while away from home on business. Accordingly, there was not, therefore, in the cash allowances made anything in the nature of reimbursement for deductible items.

Finally we note that when Congress did desire and have in mind the exemption or exclusion from gross income of cost of living allowances to diplomatic personnel in the Foreign Service of the United States it definitely so provided in section 116 (j) of the Internal Revenue Code.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[1] For a case where the assignment was away from the employee's established home but was on an indefinite or permanent, rather than a temporary, basis and for the purposes of section 23 (a) (1) the changed post of duty was held to be the employee's home, see *Commissioner* v. *Flowers,* 326 U. S. 465.