CHARLES H. HYSLOPE AND ANNA J. HYSLOPE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35941.    Promulgated October 29, 1953.

*John J. Rochford*, *Esq.*, and *Paul T. Rochford*, *Esq.*, for the petitioners.

*R. G. de Quevedo*, *Esq.*, for the respondent.

OPINION.

RICE, *Judge:* Having originally included the $842 reimbursed to him by the State of Indiana in gross income on his return for 1949, petitioner now argues that such sum should not have been so included within the meaning of section 22 (a) of the Code. In support of his argument, he relies on *Clifford Jones* v. *United States,* 60 Ct. Cl. 552 (1925). That case was specifically distinguished by this Court in *Gunnar Van Rosen,* 17 T. C. 834 (1951) wherein we said at pages 839–40:

> while the *Jones* case is authority for the exclusion from gross income by military personnel of cash allowances made to them for subsistence and quarters, it does not, in our opinion, require or justify an extension of the rule therein to similar allowances made to civilian personnel.

We think that the *Van Rosen* case is ample authority for our holding here that the amount reimbursed to petitioner by the State of Indiana was clearly within the meaning of gross income as defined by section 22 (a) of the Code and was, therefore, correctly included as such by him in his return as filed. See also: *Marcus O. Benson,* 2 T. C. 12 (1943), affd. 146 F. 2d 191 (C. A. 9, 1944) ; I. T. 3978, 1949–2 C. B. 24.

We are also unable to agree that the $545 which petitioner spent for meals was a properly deductible expense under either section 22 (n) (2)[1] or 23 (a) (1)[2] of the Code. We think the amount so spent

---

[1] SEC. 22. GROSS INCOME.
 (n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—
  (2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee ; * * *

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
 In computing net income there shall be allowed as deductions :
 (a) EXPENSES.—
  (1) TRADE OR BUSINESS EXPENSES.—
   (A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered ; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business ; * * *

falls within the ambit of section 24 (a) (1)[3] and is, therefore, not deductible.

The petitioner was regularly employed within an area, the most distant point of which was not more than 20 miles from his home. There is no showing that he was away from home for any extended time or at any great distance during the year in question except for his attendance at a shooting school at Camp Atterbury for which allowances were made. Such travel as he did was daily routine and, hence, cannot come within the scope of our decision in *Kenneth Waters*, 12 T. C. 414 (1949). As we said in *Fred Marion Osteen*, 14 T. C. 1261 (1950) : "* * * The petitioner was in no essentially different position from the worker who is unable to have one of his meals at home." The fact that sometimes the meal which he ate in a restaurant was the evening one rather than lunch, or that occasionally it was both, does not, in any way, make the cost thereof anything other than a personal expenditure. See *Louis Drill*, 8 T. C. 902 (1947).

Petitioner testified that on some few occasions it was necessary for him to purchase a meal for a prisoner temporarily in his custody, as required by State Police Regulations. He was unable even to roughly approximate the number of such meals purchased during the year in question, though he did estimate that their cost, as well as the cost of his own meals, was probably $1 each. Since this record contains no evidence with respect to either the total amount so spent or the number of instances when it was necessary for him to purchase a prisoner's food, we are unable to make any allocation therefor under the *Cohan*[4] rule.

*Decision will be entered for the respondent.*

---

[3] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x) ; * * *

[4] *Cohan* v. *Commissioner,* 39 F. 2d 540 (C. A. 2, 1930).