OPINION. Black, Judge: Petitioner argues that the $665 received in lieu of rations in 1950 is excludible from gross income (section 22 (a) of the Code) under the “convenience of employer” doctrine as enunciated in Jones v. United States, 60 Ct. Cl. 552. There are numerous cases in which it has been held that subsistence and quarters furnished in kind to an employee did not result in realization of income but the Jones case, supra, which dealt with cash allowances paid an Army officer in commutation thereof, appears to be the only one in which it has been held that such cash allowances were not income. This Court specifically distinguished that case in Gunnar Van Rosen, 17 T. C. 834, 839-840, to wit: while the Jones ease is authority for the exclusion from gross income by military personnel of cash allowances made to them for subsistence and quarters, it does not, in our opinion, require or justify an extension of the rule therein to similar allowances made to civilian personnel. Petitioner maintains, however, that the New Jersey State Police force is organized and operated like a military organization, that his position is similar to that of a soldier, and that the Jones principle should therefore apply in this case. However, with the exceptions that petitioner was required to live at his station and would be guilty of a misdemeanor if he withdrew from the force without the Superintendent’s permission prior to the expiration of an enlistment, it seems to us that his conditions of employment were similar to those of the petitioner in Charles H. Hyslope, 21 T. C. 131, in which we held that the cash allowance for meals received by an Indiana . State Trooper was includible in gross income under the authority of the Van Rosen case, supra. We do not think these differences in the facts in the instant case from those in the Hyslope case, supra, serve to make the cases distinguishable in principle. We feel that we must hold under the doctrine of the Hyslope and the Van Rosen cases, both supra, that the $665 here in issue is not exclúdible from petitioner’s gross income but that it must be included under the provisions of section 22 (a) of the Internal Revenue Code. Section 22 (a) of the Code is printed in the margin.[1] This conclusion is unaffected by the fact that New Jersey authorities regard the allowance not as compensation but as payment in lieu of rations, since State law or. custom is not controlling in our determination of the issue which we. have here to decide. Barnhill v. Commissioner (C. A. 4), 148 F. 2d 913; Joseph L. Doran, 21 T. C. 374. We next consider whether petitioner’s expenditures for meals while on duty are deductible under section 22 (n) (1) or (2), or 23 (a) (1) (A) of the Code,[2] or whether they are nondeductible under section 24 (a) (l).[3] Petitioner contends that he was performing the functions of a public office and that under section 48 (d) of the Code he therefore was engaged in a “trade or business.” He argues that the cost of his meals are deductible as an ordinary and necessary expense of that trade or business under either section 22 (n) (1) or 23 (a) (1) (A). Assuming, arguendo, that petitioner’s work is regarded as a “trade or business” under section 48 (d), we cannot agree with his further contention that the costs of his meals are deductible expenses. A somewhat similar argument was made in Louis Drill, 8 T. C. 902, where the taxpayer urged that the expense of evening meals eaten while he was working overtime was deductible because necessary to the earning of his overtime income since, had he not worked overtime, he would not have incurred such expense. In that case we rejected taxpayer’s argument and held that the expense was essentially personal and therefore nondeductible. Sec. 24 (a) (1) of the Code. We are here of the same opinion. Regarding deductibility of the cost of his meals as traveling expenses while away from home, under section 22 (n) (2) or 23 (a) (1) (A), it is first noted that petitioner’s “home,” for purposes of those Code provisions, was his station, not the home he maintained for his family. This is not altered by the fact that no accommodations were available at the station for troopers’ families. Raymond E. Kershner, 14 T. C. 168, 174; Bercaw v. Commissioner, (C. A. 4) 165 F. 2d 521 (affirming Memorandum Opinion of this Court). While on duty petitioner ate all his meals at restaurants along his patrol route. However, his employment was inherently one that entailed traveling away from his station and returning thereto at the end of his shift and, consequently, the expenses for meals were not incurred while in a travel status away from home. Charles H. Hyslope, supra; Fred Marion Osteen, 14 T. C. 1261. Our statement in the Hyslope case is here in point: Such travel as he did was daily routine and, hence, cannot come within the scope of our decision in Kenneth, Waters, 12 T. C. 414 (1949). As we said in Fred Marion Osteen, 14 T. C. 1261 (1950): “* * * The petitioner was in no essentially different position from the worker who is unable to have one of his meals at home.” The fact that sometimes the meal which he ate in a restaurant was the evening one rather than lunch, or that occasionally it was both, does not, in any way, make the cost thereof anything other than a personal expenditure. See Louis Drill, 8 T. C. 902 (1947). Reviewed by the Court. Decision will be entered for the respondent. SEC. 22. GROSS INCOME. (a)l General Definition. — “Gross Income” includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the fdregoing)i, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * * SEC. 22. GROSS INCOME. (n): Definition of “Adjusted Gross Income.” — As used In this chapter the term “adjusted gross income” means the gross income minus— (1)- Trade and business deductions. — The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee; (2) Expenses of travel and lodging in connection with employment. — The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid-or incurred by the taxpayer in connection with the performance by him of services as an employee; SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions : (a) Expenses.— (I) Trade or business expenses.— (A). In General. — All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit or a trade or business; * * * SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. — In computing net Income no deduction shall in any case be allowed in respect of— (II) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x)-;