Harold Brannon **MAGNESS**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 16430.

United States Court of Appeals
Fifth Circuit.

Aug. 13, 1957.

Rehearing Denied Sept. 30, 1957.

Jas. W. Arnold, Athens, Ga., Robert L. Russell, Jr., Russell & Russell, Winder, Ga., for petitioner.

C. Guy Tadlock, Lee A. Jackson, Ellis N. Slack, A. F. Prescott, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Dept. of Justice, John Potts Barnes, Chief Counsel Int. Rev. Service, Vernon F. Weekley, Sp. Atty., Int. Rev. Service, Washington, D. C., for respondent.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, Sr., District Judge.

RIVES, Circuit Judge.

This petition for review of a Tax Court decision[1] concerns the taxability as income of subsistence money received in lieu of meals during the year 1952 by a Georgia Highway Patrolman. His salary that year amounted to $2,152.50, while his subsistence payments came to $1,647.00.

The uniformed division of the Georgia Highway Patrol was organized on a military pattern by its first Director, Captain Carter, a former Captain of Calvary in the United States Army. It has followed the same general pattern until the present time. When the Patrol was first organized, its members were paid $100.-00 a month and their meals and lodging were furnished.

The Department of Public Safety soon found that it was financially costly, administratively impossible, and inefficient to continue feeding the men at some central place or at boarding houses. The present arrangement requires the members of the Highway Patrol to live in the barracks at their particular post.

In this case, Trooper Magness was a member of Troop "D" of Post 32 at Athens, Georgia. He was subject to call twenty-four hours per day, every day of the year; it was necessary that his headquarters be advised of his whereabouts at all times, whether on duty or off duty; and the subsistence payments at the rate of $4.50 per day were paid to him for

---

1. Reported at 1956, 26 T.C. 981.

366 days during 1952. Magness testified that on his off days and vacation days [2] he ate with his mother on the family farm, otherwise, he ate at any public restaurant of his choice, except when actually on patrol. When on patrol, it was necessary that he eat at some restaurant on his route and that he report previous to doing so to his headquarters, telling them how he could be reached. He also testified that he was required to keep his headquarters constantly informed of how he could be contacted in case he was needed, but that he was never called during 1952 while on vacation or while on days off. He further testified that $4.50 per day was not enough to pay for his meals; that his bed linens, blankets and uniforms were furnished by the State, but that he had to furnish his own underwear and keep his other gear cleaned and shined.

The basic question, stated very simply, is "Were the subsistence payments income?" Petitioner addresses himself to this problem as if there were no difference between situations where an employer furnishes his employee with quarters in kind, meals in kind, or money in lieu of either.

The Regulations and administrative rulings from 1919 to the present time have excluded from income the value of meals furnished in kind for the convenience of the employer, probably upon the theory that they should not be considered as compensation to the employee. Section 39.22(a)–3 of Treasury Regulations 118, promulgated under the Internal Revenue Code of 1939, provides in part:

" * * * If a person receives as compensation for services rendered a salary and in addition thereto living quarters or meals, the value to such person of the quarters and meals so furnished constitutes income subject to tax. If, however, living quarters or meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received by the employees." [3]

The Senate Committee, in studying Section 119 of the 1954 Code,[4] stated:

"Section 119 applies only to meals or lodging furnished in kind. Therefore any cash allowances for meals or lodging received by an employee will continue to be includable in gross income to the extent that such allowances constitute compensation." [5]

The consistent difference in treatment administratively and by the Congress between meals furnished in kind for the convenience of the employer and money in lieu thereof in no way binds the courts, but it is entitled to their serious consideration.

The Constitution [6] gives the Congress the power to lay and collect taxes on incomes "from whatever source derived," words of enlargement indicating an intention that the meaning of "in-

---

2. 15 days vacation plus 46 days off.

3. See also, T.D. 4965, 1940–1 Cum.Bull. 13; Sections 1.119–1 Federal Tax Regulations, 1957; compare Section 1.120–1, Id.

4. "§ 119. *Meals or lodging furnished for the convenience of the employer*
   "There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—
   "(1) in the case of meals, the meals are furnished on the business premises of the employer, or
   "(2) in the case of lodging, the employee is required to accept such lodg-

ing on the business premises of his employer as a condition of his employment.
   "In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation." 26 U.S.C.A. § 119.

5. Senate Report No. 1622, 83rd Cong., 2d Sess., pp. 19–20, 190–191; 3 U.S. Code Congressional and Administrative News (1954) 4621, 4649, 4825–4826.

6. Sixteenth amendment.

come" should not be restricted.[7] Section 22(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(a) defines "gross income" to include, inter alia, "gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid * * *." This definition "is broad enough to include in taxable income any economic or financial benefit conferred on the employee as compensation, whatever the form or mode by which it is effected." Commissioner of Internal Revenue v. Smith, 1945, 324 U.S. 177, 181, 65 S.Ct. 591, 593, 89 L.Ed. 830. Subsection (b) of Section 22 lists those items which shall not be included as a part of income. Sixteen items are listed and they do not include money provided to state employees with which to buy meals. In Section 22(b) (13), an exclusion is listed which applies expressly to enlisted personnel and commissioned officers in the Armed Forces of the United States, but not until the Internal Revenue Code of 1954, by Section 120 [8] thereof, was subsistence money of state highway patrolmen excluded from income. The House Committee Report and the Senate Committee Report on this section were practically identical and stated that it was new legislation.[9]

█ Thus, we have the Congress, for the first time, making subsistence payments to state police officers excludable from income, but not effective until after December 31, 1953. Furthermore, as has been stated, there are no administrative rulings by the executive branch which would exclude such payments from income, and in the judicial branch only the Third Circuit in Saunders v. Commissioner of Internal Revenue, 1954, 215 F.2d 768, and the Court of Claims in Jones v. United States, 1925, 60 Ct.Cl. 552, which will be discussed later, have ruled that such money might be excluded from income. On the other hand, the Commissioner and the Tax Court have held that such payments are income and taxable.[10]

This case is probably distinguishable from Saunders v. Commissioner of Internal Revenue, supra, inasmuch as: (a) There it was conclusive that the $70.00 a month received by Saunders in lieu of

---

7. See Eisner v. Macomber, 1920, 252 U.S. 189, 207, 40 S.Ct. 189, 64 L.Ed. 521; 1 Mertens, Federal Income Taxation, §§ 5.01, 5.03; Magill, "Taxable Income", p. 67.

8. "§ 120. *Statutory subsistence allowance received by police*

"(a) *General rule.*—Gross income does not include any amount received as a statutory subsistence allowance by an individual who is employed as a police official by a State, a Territory, or a possession of the United States, by any political subdivision of any of the foregoing, or by the District of Columbia.

"(b) *Limitations.*—

"(1) Amounts to which subsection (a) applies shall not exceed $5 per day.

"(2) If any individual receives a subsistence allowance to which subsection (a) applies, no deduction shall be allowed under any other provision of this chapter for expenses in respect of which he has received such allowance, except to the extent that such expenses exceed the amount excludable under subsection (a) and the excess is otherwise allowable as a deduction under this chapter." 26 U.S.C.A. § 120.

9. See Senate Committee Report on Internal Revenue Code of 1954, Part I, Sec. VII, K; 1954 U.S.Code Cong. Ad. News 4621, 4649:

"K. *Subsistence Payments to State Police Officers* (sec. 120)

"(1) House changes accepted by committee

"The House and your committee's bill provide an exclusion from gross income not to exceed $5 a day, for subsistence allowances paid to officers of a police department of a State, Territory, the District of Columbia, or a possession. *There is no comparable exclusion under existing law.* It is believed that this exclusion is desirable because State police officers are required to make frequent trips away from their posts of duty. Under present law these expenses cannot be deducted if the police officer is to use the standard deduction." (Emphasis added.)

10. See Hyslope v. Commissioner, 21 T.C. 131; Saunders v. Commissioner, 21 T.C. 630; and this case, Magness v. Commissioner, 26 T.C. 982.

rations was not intended as compensation, and, in fact, the Tax Court found that the rations allowance "was not regarded or accounted for as compensation, either in the State Police Budget or by the State Civil Service Commission." Here the Tax Court failed to find that the "subsistence payment" was intended as a reimbursement. In fact, the provision of the Georgia law providing for a subsistence allowance is found in Section 92A–209 of 27 Code of Georgia Annotated, entitled "Same; personnel; officers'; *salaries*" (Emphasis supplied), and not in Section 92A–237 entitled "Allowance for board and quarters." (b) Saunders received $70.00 per month to pay for meals while actually on patrol, and he was required to eat at a place on his route at a particular time. Magness, on the other hand, received $4.50 per day every day of the year, even while on vacation or on days off, and, except for the time when he was actually on patrol, could eat at any place he chose. When he was on patrol the only requirement was that he notify his headquarters where he could be reached while he was eating. He testified that, while he was off duty, he could do anything he wanted to provided he notified his headquarters so that they could get in touch with him in case of an emergency.

The Jones case, supra, heavily relied on by the Third Circuit in Saunders, supra, and by petitioner here was distinguished in Robert H. Saunders, 1954, 21 T.C. 630; Charles H. Hyslope, 21 T.C. 131; and Gunnar Van Rosen, 1951, 17 T.C. 834, 839–840, as follows:

"While the Jones case is authority for the exclusion from gross income by military personnel of cash allowances made to them for subsistence and quarters, it does not, in our opinion, require or justify an exten-

sion of the rule therein to similar allowances made to civilian personnel."

Further, the Jones case presented the peculiar situation wherein the United States, with one hand, as an employer, gives money to its employees, and with the other hand, as a tax collector, takes it back; whereas a state is in the same position as any other employer so far as the federal income tax obligations of its employees are concerned.

Moreover, while we accord great weight to the holding of the Third Circuit, we differ from it as to the meaning and application of Section 39.22(a)–3 of Treasury Regulation 118. Saunders admitted that the payment of cash to an employee is normally compensatory and probably more obviously so than a payment in kind. Nevertheless, it was stated,

"In the instant case, cash was furnished Saunders in advance for a particular purpose, viz., payment for meals, and it is an established fact that the entire amount furnished was so expended but it does not automatically follow that the cash received was compensation."

Saunders v. Commissioner of Internal Revenue, supra, 215 F.2d at pages 771–772. By finding some special cases in which cash thus received was held by the Treasury Department not to be compensation,[11] and relying heavily on Jones v. United States, 1925, 60 Ct.Cl. 552, it was able to apply the administrative ruling to situations in which money was furnished. Magness now asks us to extend that application to situations in which money is furnished to buy meals indiscriminately while on duty and while off duty and on vacation.

Under familiar and often recognized rules of construction,[12] we conclude that

11. O.D. 11, 1 Cum.Bull. 66 (1919). American Red Cross employee receiving cash for maintenance but no pay. Only amount actually unused for expenses need be returned. O.S. 514, 2 Cum.Bull. 90 (1920). Supper money furnished an employee after regular working hours.

12. Commissioner of Internal Revenue v. LoBue, 1956, 351 U.S. 243, 246, 76 S.Ct. 800, 100 L.Ed. 1142; Commissioner of Internal Revenue v. Glenshaw Glass Co., 1955, 348 U.S. 426, 75 S.Ct. 473, 99 L. Ed. 483; Commissioner of Internal Rev-

we should not do so but should, on this occasion, agree with the reasoning of the Tax Court. Its decision is therefore Affirmed.

enue v. Jacobson, 1949, 336 U.S. 28, 48–49, 69 S.Ct. 358, 93 L.Ed. 477; Commissioner of Internal Revenue v. Smith, 1945, 324 U.S. 177, 181, 65 S.Ct. 591, 89 L.Ed. 830; Helvering v. Clifford, 1940, 309 U.S. 331, 334, 60 S.Ct. 554, 84 L.Ed. 788; White v. United States, 1938, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; Helvering v. Midland Mutual Life Ins. Co., 1937, 300 U.S. 216, 223, 57 S. Ct. 423, 81 L.Ed. 612; Douglas v. Will-cuts, 1935, 296 U.S. 1, 9, 56 S.Ct. 59, 80 L.Ed. 3; New Colonial Ice Co. v. Helvering, 1934, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; Irwin v. Gavit, 1925, 268 U.S. 161, 166, 69 S.Ct. 475, 69 L.Ed. 897; Yazoo & Mississippi Valley R. Co. v. Thomas, 1889, 132 U.S. 174, 10 S.Ct. 68, 33 L.Ed. 302; Universal Oil Products Co. v. Campbell, 7 Cir., 1950, 181 F.2d 451, 457.