Richard D. MORELAN and Margaret Morelan, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Karl W. CHRISTEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. 4–64–Civ–175, 4–64–Civ–176.

United States District Court
D. Minnesota,
Fourth Division.

Feb. 5, 1965.

Peter J. Ruffenach, Minneapolis, Minn., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., and Edward J. Snyder, Attys., Dept. of Justice, Washington, D. C., Miles W. Lord, U. S. Atty., Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

The issue in these income tax refund actions brought by two Minnesota State Highway Patrol Officers is as to the taxability of the $3-per-day "subsistence allowance" received by them for each working day as reimbursement for meals purchased in public restaurants while in duty status, and for certain uniform maintenance and other expenses.

Jurisdiction is established. 28 U.S. C.A. § 1346(a) (1).

Plaintiff Morelan and his wife seek to recover $140.00, representing the claimed improper tax assessed and paid upon $633.00 received as subsistence allowance by Morelan in the year 1960.

Plaintiff Christey, a single man, seeks to recover $471.53 representing the claimed improper tax assessed and paid upon subsistence allowances paid to him in the sum of $114.00 in 1959, $729.00 in 1960, $774.00 in 1961 and $720.00 in 1962.

It is stipulated that plaintiffs filed timely income tax returns for the years involved and paid the tax shown to be due on their respective returns, that timely claims for refund were filed, that more than six months elapsed before these actions were filed and that the claims were rejected by the District Director of Internal Revenue for the District of Minnesota on June 18, 1964.

In a companion case involving Morelan's 1961 tax, 4-63-Civ-51, the Govern-

ment has conceded that the subsistence allowance paid Morelan was not taxable and has paid him the claimed refund.

Additional actions by other Minnesota Highway Patrolmen are pending. Two-hundred-twenty patrolmen, either by individual actions or by pending motions to intervene, seek a determination as to the taxability of their subsistence allowance for recent tax years. It is suggested that decision in these two actions will probably determine the issue as to all of them. The facts are substantially similar.

The Minnesota State Highway Patrol is an agency of the State of Minnesota and has been in existence since 1930. It has a total complement of 336 men—220 of whom are active patrolmen. The personnel is organized along military lines. The patrolmen dress in neat-appearing maroon military type uniforms and are required to maintain a smart appearance. The Patrol's principal responsibility is to enforce the highway traffic laws of the State, arrest offenders, direct and control traffic, provide assistance to the general public, investigate accidents and administer first aid to the injured. It also cooperates with other law enforcement agencies in the pursuit and apprehension of violators of the criminal laws.

The patrolmen are employed by the State of Minnesota under Civil Service laws and regulations. They receive a statutorily fixed salary. In addition, they now receive, and during all of the taxable years in question received, a subsistence allowance of $3 per day for each day of active duty as reimbursement for meals purchased during their tour of duty and for other expenses. They are required to eat these meals in a public restaurant adjacent to the highway and at a place which does not serve intoxicating liquors. Patrolmen are assigned specific times, periodically fixed by schedules, when they are to eat their meal or meals on a tour of duty. They are allowed one-half hour in the rural areas of the State and an hour in the metropolitan areas within which to eat their meal. They must report by radio telephone when they in-tend to eat and must advise the restaurant telephone number at which they may be reached during the meal period.

In the early days of the Patrol, the patrolmen were compensated for their expenses upon the rendition of a voucher showing the actual amount expended for the meal. Later, in 1934, in order to avoid bookkeeping and accounting incidental to processing these claims for reimbursement, the law was changed to provide for a subsistence of 65¢ per day. As living costs increased, this was later raised to 75¢, then to $1, then to $1.50, then to $2 and, sometime prior to 1959, to $3 per day. The $3-per-day subsistence reimbursement is intended to reimburse the officers for meals purchased during the tour of duty, for parking meter charges, the cleaning of uniforms, the purchase of uniform necessities such as ties, socks, black shoes and shoe polish, and also to reimburse the patrolman for the cost of a telephone in his home in his duty station area.

Patrolmen are subject to call 24 hours a day. A normal tour of duty is for periods of between 8½ and 9 hours. Sometimes, in cases of emergency or when conducting a concentrated check on compliance with motor vehicle laws, the officers work up to 12 or more hours per day. Plaintiffs Morelan and Christey said that approximately ⅔ of their duty time is spent in night work—that is, after 5:30 in the afternoon. The officers are required to eat their meals away from home during working hours and at scheduled times—usually during light traffic periods. They travel between 140 and 300 miles per day in patrol duty.

It appeared from the evidence that a principal purpose of the requirement that the officers eat their meals at a public restaurant adjacent to a state highway was to insure public safety and obedience to law through the physical presence of the officers in uniform and to facilitate their availability to the public for the reporting of accidents and the seeking of information with reference to the traffic and motor vehicle laws of the State. Patrol officers testified that it was a com-

mon experience to be asked to furnish advice and to render assistance to members of the public during the time they appeared in public restaurants for their meals.

Officer Morelan testified that during 1960 he served a five-county area in central Minnesota, was stationed at Paynesville, and covered 200 to 250 miles per day in his patrol duties—principally during the night hours. He said that the average cost of a meal purchased on duty during 1960 was $2.25. He said he spent approximately $250.00 during the average year for the cleaning of his uniform and equipment, including shirts, blouses, pants and hat, and for the necessary purchase of 3 or 4 ties a year at $1.50 each, 10 pairs of socks at $1.50, 2 pairs of shoes at $20.00, and 2 or 3 pairs of overshoes.

Officer Christey was stationed at Excelsior during the years involved and patrolled portions of Hennepin and Carver Counties in the Twin Cities Metropolitan area. He said he traveled between 140 and 300 miles daily, most of it during the night hours. He said that the expenses for maintaining his uniform and purchasing necessary clothing was about $260.00 per year. He detailed the expenditures.

Each officer was required to maintain a telephone at his home. The monthly charge for this varies within the state between $5 and $8 per month.

Both plaintiffs testified that they expended all, and more than, $3 per day for the purchase of meals during duty hours, the maintenance of their uniforms, the purchase of necessary and required official clothing, and the payment of the telephone expense.

The legal issue thus presented is whether the $3-a-day subsistence allowance is taxable income.

■ In my view the subsistence is not taxable and is properly deductible as one of the "ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business * * *" as authorized by § 162, Internal Revenue Code of 1954, 26 U.S.C.A. § 162 [1] or excludable as representing " * * * the value of * * * meals * * * furnished * * * for the convenience of the employer * * * " as authorized by § 119 Internal Revenue Code of 1954, 26 U.S.C.A. § 119 [2] or not reportable as income because it is a "reimbursed expense" as authorized by Treasury Regulation 1.162–17(b).[3]

---

1. "(a) In General.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

"(1) a reasonable allowance for salaries or other compensation for personal services actually rendered;

"(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and

"(3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."

2. "There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if—

"(1) in the case of meals, the meals are furnished on the business premises of the employer, or

"(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

"In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation."

3. "(b) *Expenses for which the employee is required to account to his employer* —(1) *Reimbursements equal to expenses.* The employee need not report on his tax return (either itemized or in total amount) expenses for travel, transportation, entertainment, and similar purposes paid or incurred by him solely for the benefit of his employer for which he is required to account and does ac-

The purpose of the income tax law is to tax *income*. This $3-per-day allowance is not income but rather repayment by the State of Minnesota for expenses required to be incurred, and actually incurred, by the patrolmen. This is not a tax avoidance scheme where part of the officers' compensation is called by a different name for tax purposes. These patrolmen received the $3 *only* for the days on active duty, and is thus distinguishable from Magness v. Commissioner, 247 F.2d 740, 5th Cir. (1957) where the $4.50 daily allowance was paid irrespective of the number of days worked or the expenses actually incurred.

Here it is not disputed, and the court finds, that all of the daily allowance, and more, was actually spent for the required purposes. The Government concedes that the expenses for uniform accessories and upkeep, and telephone charges properly may be deductible, but argues that the meals consumed were personal—the same necessarily eaten by any employee —and that permitting the deduction of their cost would unfairly discriminate in favor of these taxpayers.[4] We do not agree. These patrolmen were *required* by their employer to eat in a public restaurant and at specified times (usually between 10 and 11 P.M. on the night shift), and for the specific purpose of affording their availability to the traveling public. They thus incurred "ordinary and necessary" meal expenses properly deductible under § 162, supra, or excludable as representing the value of meals furnished by and "for the convenience of, the employer" under § 119, supra. See United States v. Barrett, 321 F.2d 911, 5th Cir. (1963).

The defendant suggests that the patrolmen were not "away from home in the pursuit of a trade or business" as is required by § 162. But they were away from home—the testimony was clear and undisputed—somewhere in the large several-county area assigned to each. The evidence is uncontradicted that patrolmen never "carried their lunch." There was no showing that they ever ate at home during duty periods. Their orders were to eat in public. It is now established that "away from home" does not require an overnight stay. Hanson v. Commissioner, 298 F.2d 391, 8th Cir. (1962).

The history of the method by which Minnesota Highway Patrolmen have been paid for their necessary expenses as related by Earl N. Larimer, former long-time Chief of the Patrol and now its Assistant Safety Director, affords support to the conclusion that the $3 daily subsistence allowance is actually that— reimbursement for actual expenses incurred and is not a device to veil the payment of additional compensation. While the patrol officers were first reimbursed upon the rendition of a voucher for the actual amount expended for meals, this was later modified to provide for a fixed rate per day for each day on active duty as reflective of the actual amount expended. This sum was raised periodically to correspond with the gradual increases in living costs. The court finds that the $3-per-day subsistence allowance for the years in question is an accurate reflection of the actual amount necessarily expended during those years for the required purposes. In fact, the reimbursement was probably less than the amount actually spent.

count to his employer and which are charged directly or indirectly to the employer (for example, through credit cards) or for which the employee is paid through advances, reimbursements, and charges is equal to such expenses. In such a case the taxpayer need only state in his return that the total of amounts charged directly or indirectly to his employer through credit cards or otherwise and received from the employer

as advances or reimbursements did not exceed the ordinary and necessary business expenses paid or incurred by the employee.

4. The government cites Commissioner v. Moran, 236 F.2d 595, 8th Cir. 1956, in support of this argument. Although the principle of law there stated is sound, the fact situation is different from that presented here.

The true nature of the allowance as an expense reimbursement is also made apparent by the action of the Minnesota State Legislature in specifically providing that such allowances are not includable as income for Minnesota income tax purposes. Minnesota Statutes Annotated 290.08, Subd. 21. The State charges the allowance on its books to a travel expense account.

■ The defendant's contention that the subsistence allowance is not excludable under § 119 because the meals were not consumed "on the business premises of the employer," while theoretically arguable, doesn't make much sense because the "business premises" of the State of Minnesota extend over all of the State and particularly to the highways of the State where these plaintiffs worked.

United States v. Barrett, 321 F.2d 911, 5th Cir. (1963).

■ The defendant also urges that § 119 permits exclusion only where the meals are furnished in kind and not where a cash reimbursement for meals is made. That, too, is straining too much in the interest of efficient tax collection. What is the real difference, for tax purposes, in the employer furnishing a meal or paying for one furnished by another? I see none. A very estimable appellate court has so held. Saunders v. Commissioner, 215 F.2d 768, 3rd Cir. (1954).[5]

The nub of the issue is what, in the light of all of the facts, does the $3-per day allowance represent—expense reimbursement or compensation? The clear answer, as I see it, is expense reimbursement.

5. Apparently on the authority of the Saunders case, the Internal Revenue Service took the position in 1960 that Iowa State Highway Patrolmen could properly exclude their per diem allowance from gross income. It appears that the facts surrounding the operation of the Iowa State Highway Patrol are analogous to those in Minnesota. Although counsel for the defendant does not admit the genuineness of it, there is set out below a copy of the Internal Revenue Service ruling involving the Iowa Patrol:

"U. S. Treasury Department,
Internal Revenue Service,
District Director,
Des Moines 8, Iowa
300 Fourth Street.,
November 17, 1960
"Mr. David Herrick,
Iowa State Highway Patrol
State Office Building,
Des Moines, Iowa
"Subject: Taxability of per diem allowances received by members of the Iowa State Highway Patrol.
"Dear Mr. Herrick:
"Reference is made to our letter to you of March 2, 1960 in which we expressed the opinion that, Iowa Highway Patrolmen could not exclude from their tax returns a per diem allowance unless they were in a travel status away from home overnight.
"It has been brought to our attention that to the extent the facts and circumstances are substantially similar to Saunders v. Commissioner, 215 Fed

(2d) 768, State Troopers may exclude the allowance received for actual duty days.
"We are further advised that the facts in the case of Iowa State Highway Patrolmen are substantially similar to those in the Saunders case. The information furnished indicates that the Highway Patrolmen receive a daily allowance for meals while on duty away from home within their district. The amount is presently set at $3.75 per day. This amount is only paid for actual duty days, and is not granted for days when a patrolman is on vacation, sick leave or absent from work for some other reason. Each officer is required to eat away from his home and has specific instructions as to where and when he may eat and at what locations he may stop for meals. This allowance is reasonable in amount and is not represented to the recipients as compensation for services.
"It is evident from the foregoing that the per diem allowance is not intended as compensation. It is necessary that the members of the patrol accept such allowance under the terms set forth by the employer in order to properly perform their duties. Accordingly it is now our position that the members of the Iowa State Highway Patrol may exclude the per diem allowance which they receive from their gross income.
"Very truly yours,
/s/ Leland W. Glasson
Chief, Review Branch"

Accordingly, the plaintiffs are entitled to a refund of the disputed taxes paid because the sums taxed are properly deductible under § 162 as ordinary and necessary expenses paid out for meals while away from home in pursuit of the taxpayer's business, or, are properly excludable under § 119 as representing the value of meals furnished by, and for the convenience of, the employer, or, are not reportable as income because they represent "reimbursed expenses" under Treasury Regulation 1.162–17(b).

The foregoing expression shall constitute the court's findings of fact and conclusions of law. Plaintiffs' counsel is requested to prepare an appropriate Order for Judgment and form of Judgment.