GAIL J. LEVY and BEVERLEY A. LEVY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Levy v. Commissioner
Docket No. 1762-72.
United States Tax Court
T.C. Memo 1974-217; 1974 Tax Ct. Memo LEXIS 102; 33 T.C.M. (CCH) 969; T.C.M. (RIA) 74217; August 26, 1974, Filed. Gail J. Levy, pro se. Bernard R. Baker III, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Petitioner
Year
Deficiency Gail J. Levy
1966
$ 809.63
Gail J. Levy and Beverley A. Levy
1968
1,121.59
Several of the issues raised initially have been resolved by the parties. Furthermore, in his brief respondent has conceded that of the $2,571.50 received by petitioner Gail J. Levy as a per diem in 1966, $672 is excludable from his gross income for that year. The issues remaining for our resolution are: (1) whether petitioner *104 Gail J. Levy is entitled to exclude from his 1966 gross income $1,899.50 of the amount he received as a per diem during that year; (2) whether he is entitled to deduct from his 1968 gross income $336 incurred as living expenses; and (3) whether he is entitled to deduct from his 1968 gross income $3,321.70 paid to or on behalf of his first wife, Patricia E. Levy, during the period of separation preceding their divorce or, in the alternative, to claim a personal exemption for his daughter, Deborah. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner Gail J. Levy and his former wife, Patricia E. Levy (Patricia), filed a joint Federal income tax return for the taxable year 1966 with the district director of internal revenue at Buffalo, New York. Petitioners, Gail J. Levy and Beverley A. Levy, are husband and wife whose residence was Fairport, New York, at the time the petition was filed in this case. They filed a joint Federal income tax return for the taxable year 1968 with the district director of internal revenue at Buffalo, New *105 York. Any reference to "petitioner" hereinafter will be deemed to mean Gail J. Levy. In 1960 petitioner took up residence in Florida where he was employed as a mechanical engineer by The Franklin Company (Franklin). In January of 1966 he was notified that his employment would be terminated shortly. Though he wished to remain in Florida, he was unable to secure employment there. Consequently he accepted a position with Allstates Design and Development Co. (Allstates) which necessitated his relocating in Rochester, New York. He was given to understand that this job would last for about a year; and he agreed to accept, in addition to his salary, a per diem of $56 weekly to cover living expenses incurred by him while in Allstates' employ. On January 26, 1966, petitioner, together with Patricia and their daughter, Deborah, left Florida for Rochester. At the time of his departure petitioner had been unable to conclude a firm arrangement for future employment with any Florida concern, though he believed his stay in Rochester would be of limited duration. Furthermore, he ceased to maintain any sort of a residence in Florida, all of his property either being transported to Rochester *106 or remaining in Florida in the custody of friends. Upon arrival in Rochester the Levys spent some time at a motel and thereafter moved into an apartment at 160 Daniel Drive in that city. In September of 1966 petitioner left the employ of Allstates and accepted a position with Consultants and Designers, Inc. (Consultants), again agreeing to a living expense per diem of $56 per week. The following month Consultants sent petitioner to Ann Arbor, Michigan, on a temporary assignment. He remained in Ann Arbor until he severed all connection with Consultants in February of 1967. Petitioner had several temporary residences in Ann Arbor; but at all times he maintained the apartment on Daniel Drive where but for a brief period of two weeks Patricia and Deborah continued to reside. After quitting Consultants petitioner returned to Rochester where he resumed his position with Allstates, remaining in that job until June of 1969. The terms of his employment continued to provide for the weekly per diem. Petitioner excluded from gross income for the year 1966 the full amount of the per diem which he received from his employers, Allstates and Consultants. This amounted to $2,571.50. By *107 statutory notice dated December 10, 1971, respondent disallowed this exclusion; and though respondent has conceded in his brief that the $672 received by petitioner while in Ann Arbor was properly excluded, the remaining $1,899.50 is still a matter of contention. For the year 1968 petitioner included in his gross income the per diem he received, but he claimed against it a living expense deduction commensurate with the amount which he received as a per diem for the first six weeks of 1968. The deduction of $336 was disallowed by respondent in a statutory notice dated December 10, 1971. In October of 1967 petitioner, Patricia and Deborah moved into a house at 50 Rhinecliff Drive, Rochester, for which the monthly rental was $285. Patricia and Deborah remained in the house through June of 1968, during all of which time petitioner paid the monthly rental on it, but petitioner himself ceased to live in the house when he separated from Patricia on January 1, 1968. On January 22, 1968, Patricia filed a petition for support for herself and Deborah in Family Court of the State of New York, County of Monroe. Petitioner and Patricia appeared before that court on February 6, 1968, at *108 which time the judge did not grant Patricia's petition, for he felt she was adequately provided for. He further ordered petitioner to continue to support Patricia and Deborah as he had theretofore. Petitioner made substantial financially burdensome payments both to and on behalf of Patricia between February 6 and July 25, 1968, when a divorce decree was rendered. The divorce decree required petitioner to pay Patricia $70 weekly for the support of Deborah and to maintain certain insurance policies. For the year 1968 petitioner claimed an alimony deduction of $3,321.70. This amount represented support payments made prior to the time of the divorce either directly to Patricia or on her behalf. The deduction was disallowed by respondent. Petitioner argues that if he is to be denied a deduction in the amount of $3,321.70 under section 215 of the Internal Revenue Code of 1954, [1] he should in the alternative be allowed a dependency deduction under section 151 for his child, Deborah. ULTIMATE FINDINGS OF FACT After moving from Florida, petitioner established *109 his tax home in Rochester, New York. The family court proceeding of February 6, 1968, did not result in a court order such as is required by sections 71(a) (3) and 215. Petitioner is entitled to a deduction under section 151 for the year 1968 by reason of his support of his daughter, Deborah. OPINION If petitioner is to be allowed a deduction from his 1968 gross income for the $336 living expenses incurred by him in the first six weeks of that year, he must demonstrate that those expenses were incurred while he was absent from his tax home, section 162(a) (2).A similar burden is imposed upon him if he is properly to exclude from his 1966 gross income the $1,899.50 received as a per diem with respect to the periods when he was in Rochester. Gunnar Van Rosen, 17 T.C. 834, 840-841 (1951). Also see generally Wilson v. United States, 412 F.2d 694 (C.A. 1, 1969). Petitioner has failed to carry this burden in either case; and, accordingly, we hold both the aforesaid exclusion of $1,899.50 and deduction of $336 to be improper. The Court of Appeals for the Second Circuit, to which appeal in this case would be made, [2] has defined tax home to mean principal *110 place of residence. Six v. United States, 450 F.2d 66 (C.A. 2, 1971). After January 26, 1966, petitioner neither owned nor rented a residence in Florida. Rather, such residences as he has maintained from that date until the trial of this action have been in the area of Rochester where, save for the brief period he spent in Ann Arbor, petitioner has continued to live. Were we to deny Rochester its status as petitioner's tax home on the ground that his stay in that city was originally intended to be of limited duration, the result would be no more favorable to petitioner; for he would then have no fixed tax home, and to be without a fixed tax home is to carry it with oneself. Rosenspan v. United States, 438 F.2d 905 (C.A. 2, 1971), certiorari denied 404 U.S. 864 (1971); and Andrzej T.Wirth, 61 T.C. 855 (1974). The concept of tax home must be applied to relieve the taxpayer of the burden of expenses incurred under business compulsion in excess of personal need or preference. Richard A. Sutter, 21 T.C. 170 (1953). Petitioner has demonstrated a need for no such relief with respect to the items now under consideration. *111 The propriety of the alimony deduction of $3,321.70 which petitioner claimed under section 215 for the year 1968 depends upon whether the requirements of section 71(a) (3) were met when on February 6, 1968, the family court denied Patricia's petition for support while directing petitioner to continue to support her and Deborah as he had in the past. We hold that petitioner did not thereby become entitled to a deduction under section 215. See Sylvia E. Taylor, 55 T.C. 1134 (1971). Petitioner is entitled to claim his daughter as a dependent in the year 1968. For purposes of the dependency deduction, petitioner is considered divorced from Patricia for the year 1968 under section 153. He will therefore be entitled to a deduction for Deborah under section 151(e) (1) (B) if she was his dependent in that year under section 152(a) and (e). Unquestionably, section 152(a) and (e) (1) is complied with and there remains only section 152(e) (2) to be considered. Under the divorce decree rendered July 25, 1968, petitioner *112 was required to pay $70 weekly for the support of Deborah. This would amount to over $1,200 by the end of the year. Patricia not having raised objection to petitioner's claiming the deduction, we hold section 152(e) (2) (B) to be complied with and petitioner to be entitled to a dependency deduction for Deborah for the year 1968. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated. ↩
2. See Jack E. Golsen, 54 T.C. 742 (1970), affd. 445 F.2d 985 (C.A. 10, 1971), certiorari denied 404 U.S. 940↩ (1971).