JOSEPH D. AND IRINE M. MURPHY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5383–65. Filed July 14, 1967.

Joseph D. Murphy, pro se.
*Lawrence A. Wright*, for the respondent.

TANNENWALD, *Judge:* Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1963 in the amount of $4,983.13. Respondent has conceded one of the two issues raised by his notice of deficiency. The issue that remains for our determination is whether petitioners are entitled to deduct as a business expense under section 162 [1] a legal fee paid in connection with petitioner husband's recovery of damages from an automobile accident incurred while he was on a business trip.

### FINDINGS OF FACT

Joseph D. Murphy and Irine M. Murphy are husband and wife with their legal residence in Providence, R.I., at the time of the filing of the petition herein. They filed a joint Federal income tax return for 1963 with the district director of internal revenue, Providence, R.I. Any reference to "petitioner" shall be to Joseph, Irine being a party to this proceeding solely by reason of having been joined on the 1963 return.

Petitioner is a management consultant, having seven institutional clients in Rhode Island and Massachusetts. On May 24, 1960, petitioner was proceeding from the office of one client (Providence College, Providence, R.I.) to that of another client (Newton College, Newton, Mass.) on business. While stopped in front of Newton College, his car was struck in the rear by a truck. Petitioner was rendered unconscious and was hospitalized with severe spinal and leg injuries.

---

[1] All references are to the Internal Revenue Code of 1954.

During 1960, 1961, and 1962, petitioner was in and out of the hospital at various times and also received out-of-hospital medical care. He has a herniated spinal disc and is never free from pain. Because of the back injury, he is forbidden by his doctor to drive more than 50 miles round-trip. As a result, most of the time he must employ a driver. A steel spinal brace must be worn constantly.

Petitioner brought suit against the owners of the truck that had struck his car and received, by way of settlement, $26,000 in a lump-sum payment, which the parties have stipulated was for his personal injuries only. The payment did not include any reimbursement for medical or hospital bills or for loss of wages.

From the $26,000, petitioner paid his attorney $8,666 for services rendered in connection with the suit. Petitioners claimed the $8,666 as a business expense on their income tax return for 1963.

OPINION

The single issue before us is whether legal fees paid in connection with a recovery of damages solely for personal injuries are deductible, it being conceded that the damages themselves are nontaxable. Petitioner concedes that normally such legal expenses are in the nature of personal expenses and are not deductible. He contends, however, that, because the injuries were incurred while he was "pursuing his profession," the legal expenses are business expenses, deductible under section 162.

Respondent argues that the underlying nature of the expense controls, not the fact that petitioner happened to be engaged in business activities at the time of the accident. We agree with respondent.

Congress has seen fit to regard an individual as having two personalties: one as a seeker of profit who can deduct the expenses incurred in that search, the other as a creature satisfying his needs as a human and those of his family but who cannot deduct the expenditures incurred in such satisfaction. See *United States* v. *Gilmore*, 372 U.S. 39, 44 (1963).

Petitioner possessed both personalities at the time of the accident. While it is true that petitioner was a "profit seeker," i.e., calling on a client, it is clear that the damages were not "profits" in the sense of compensation for his business efforts. Rather, as payments solely for personal injuries, they were designed to indemnify him for the bodily impairment which he suffered. See *Commissioner* v. *Glenshaw Glass Co.*, 348 U.S. 426, 432, fn. 8 (1955).

Petitioner seeks to make a simple "but for" test the determinant of the "ordinary and necessary" requirement of section 162. This he cannot do. It is not enough that the accident would not have occurred "but for" the fact that petitioner was engaged in his trade or business at the time. Thus, deductions have been denied for clothes that were

purchased and worn out prematurely because of the taxpayer's trade or business, absent a showing that the clothes were not adaptable for use away from work. *James Donnelly*, 28 T.C. 1278 (1957), affd. 262 F. 2d 411 (C.A. 2, 1959); *Louis Drill*, 8 T.C. 902 (1947). Similar treatment has been accorded the cost of evening meals occasioned by overtime work. *Louis Drill, supra.* And commuting expenses have likewise fallen by the wayside on the ground that they are personal in nature. E.g., *Walter E. Buck*, 47 T.C. 113 (1966); *Clinton H. Mitchell*, 42 T.C. 953, 970 (1964), and cases cited therein; *John C. Bruton*, 9 T.C. 882 (1947).

Petitioner seeks sustenance from *Henke* v. *Jarecki*, an unreported case (N.D. Ill. 1956, 51 A.F.T.R. 1159, 56–1 U.S.T.C. par. 9511), *W. S. Dickason*, 20 B.T.A. 496 (1930), and *Samuel E. Mulholland*, 16 B.T.A. 1331 (1929). He asserts that the legal fees in these cases, incurred in connection with automobile accident litigation, were not deductible solely because the accidents did not occur in the course of the taxpayer's trade or business and that, had they been so incurred, they would have been held to be deductible. Assuming *arguendo* that petitioner's interpretation of these cases is correct, we find them to be factually distinguishable. A taxpayer may be entitled to deduct expenses incurred *in defending* against a claim brought against him for personal injuries allegedly inflicted by him in the course of his trade or business. But it does not follow that expenses *in prosecuting* a claim for personal injuries suffered in the pursuit of a trade or business are entitled to the same treatment. The two situations are as incapable of comparison as apples and pears.

We hold that the legal expenses were personal in nature and not deductible. Our holding makes it unnecessary for us to consider whether, even if such expenses were considered to be "ordinary and necessary" under section 162, they would nevertheless be nondeductible under section 265 on the ground that they were allocable to exempt "income." Cf. *Petschek* v. *United States*, 335 F. 2d 734 (C.A. 2, 1964); 4A Mertens, Law of Federal Income Taxation, sec. 25.128 (1966 rev.); 1 *id.*, sec. 5.11 (1962 rev.).

*Decision will be entered under Rule 50.*