Don Page v. Commissioner.
Page v. Commissioner
Docket Nos. 3848-67, 2573-68.
United States Tax Court
T.C. Memo 1970-112; 1970 Tax Ct. Memo LEXIS 248; 29 T.C.M. (CCH) 497; T.C.M. (RIA) 70112; May 12, 1970, Filed Gabriel T. Pap, 51 E. 67th St., New York, N. Y., for the petitioner. Marvin E. Hagen, Stanley J. Goldberg, and Patrick E. Whelan, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioner's 1963 and 1964 income taxes in the amounts of $2,109.37 and $3,083.93, respectively. The remaining issues for our determination are whether petitioner is entitled to deduct as trade or business expenses *249 travel costs between New York City and Martha's Vineyard, Massachusetts, a portion of the rent of a summer cottage at Martha's Vineyard for 1963 and 1964, and the cost of landscaping an undeveloped tract at Martha's Vineyard in 1964. Both docket numbers have been consolidated for the purposes of trial and opinion. Findings of Fact Some of the facts are stipulated and are found accordingly. The petitioner had his legal residence in New York, New York, at the time of filing the petitions herein. He filed indivdual income tax returns for the years 1963 and 1964 with the district director of internal revenue, Manhattan, New York. Petitioner is a designer, primarily occupied with the design of houses, interiors, and landscapes, although he also engages in some graphic design work. During the years in question, he was a full-time employee of the architectural firm of I.M. Pei & Associates. He also maintained his own design practice which was principally based at petitioner's personal residence in New York City. During the 1950's, petitioner began to spend a portion of each summer in Martha's Vineyard, Massachusetts. In 1956 or 1957, he first rented a one-room cottage there, which *250 practice continued through the years in question. He customarily spent most weekends there from April through November. Petitioner paid rent for this cottage in the amounts of $670.00 in 1963 and $957.14 in 1964 and deducted one-half of the 1963 and one-third of the 1964 rental payments as a business expense. The rented cottage was equipped with a table which served both for dining and for drawing. Most of the drawing done at the cottage consisted of designs for petitioner's 498 own house at Martha's Vineyard which he intended to construct on a 36 i/2-acre undeveloped non-waterfront tract purchased in 1960 or 1961. Shortly after purchasing this tract, petitioner began a continuing process of landscaping several acres and planting shrubbery in a manner which would relate to his then projected house. He reported a deduction of $3,715.63 with respect to this activity in 1964, of which $2,750.00 related to four unsuccessful attempts to drill for water. As an alternative, petitioner constructed a small dam across a stream on the property to provide water. Construction of the house began in late 1967. Petitioner incurred transportation expenses on his trips between New York and Martha's *251 Vineyard in the amounts of $598.11 for 1963 and $378.15 for 1964. Opinion Petitioner, a designer, was engaged during the years in question in the landscaping (including the planting of shrubbery) of an undeveloped tract of land at Martha's Vineyard, Massachusetts. The issues are the deductibility, as business expenses, of landscaping and well drilling costs during the year 1964 and a portion of the rent of a cottage at Martha's Vineyard and travel expenses between New York and Martha's Vineyard during the years 1963 and 1964. Petitioner maintains that the expenses are deductible because he was in the process of executing a long-range plan, including landscaping of the grounds and construction of a house at Martha's Vineyard, which would serve to demonstrate his design abilities to prospective clients. Because of the asserted relationship between these activities and his trade or business, petitioner claims that the costs incurred therein are deductible under section 162. [1]
*252 Respondent contends that the expenses in question constitute personal living expenses and are accordingly, under section 262, [2] not deductible. In addition, respondent asserts that the cost of landscaping is a capital expenditure that is, pursuant to section 263, [3] not deductible. Congress has seen fit to place the expenditures of an individual into two broad categories for tax purposes, one involving expenses for trade or business or profitoriented activities, which are generally deductible, the other the satisfaction of human or family needs, which are not deductible. See United States v. Gilmore, 372 U.S. 39, 44 (1963); Joseph D. Murphy, 48 T.C. 569 (1967). Whether petitioner's expenditures are ordinary and necessary business *253 expenses within the meaning of section 162 is primarily a question of fact. Commissioner v. Heininger, 320 U.S. 467 (1943); James Schulz, 16 T.C. 401 (1951). The burden of proof is upon the petitioner. United Aniline Company v. Commissioner, 316 F. 2d 701 (C.A. 1, 1963), affirming a Memorandum Opinion of this Court; Bennett's Travel Bureau, Inc., 29 T.C. 350 (1957). The contested expenditures herein present that oft-encountered combination of personal and claimed business elements. The unusual factor is that, in the latter respect, the particular promotional activities for which the expenditures were made are of the same character as petitioner would engage in in carrying on his business as a designer. Cf. George A. Papineau, 16 T.C. 130, 132 (1951); Dewey F. Cobb, 13 T.C. 495, 503-504 (1949), reversed on other issues, 185 F. 2d 255 (C.A. 6, 1950). The more common situation, with respect to asserted section 162 deductions, relates to promotional activities which are not of a kind which the taxpayer would engage in directly in carrying on his business. Cf. Robert Lee Henry, 36 T.C. 879 (1961) *254 (lawyer and accountant claiming the expenses of operating a yacht); Ralph E. Larrabee, 33 T.C. 838 (1960) (owner of machine shop attempting to deduct expenses of operating a yacht); Louis Greenspon, 23 499 T.C. 138 (1954), affirmed as to this issue, 229 F. 2d 947 (C.A. 8, 1956) (corporate taxpayer in business of selling pipe attempting to deduct costs of operating farm for promotional purposes). This distinguishing factor, however, does not relieve petitioner of his burden of showing affirmatively that the expenditures, which exhibit primarily personal attributes, are ordinary and necessary to the conduct of his business. See Robert Lee Henry, supra, 36 T.C. at p. 884. This, we hold petitioner has failed to do. Petitioner in part relies upon a "but for" test in seeking to demonstrate the relationship between his landscaping and his design business. He testified that he would probably have purchased waterfront property if he had only been interested in vacationing at Martha's Vineyard rather than in designing and constructing an example of his professional skills. But the mere presence of some causal connection between the payments in question *255 and petitioner's business does not alone classify those payments as the ordinary and necessary expenses of a business. Welch v. Helvering 290 U.S. 111 (1933). Moreover, numerous categories of expenses have been termed non-deductible because of their personal nature, in spite of the fact that they are advantageous or even necessary in the sense of being required to enable a taxpayer to conduct a particular trade or business. See, e. g., Richard Walter Drake 52 T.C. 842 (1969); Ronald D. Kroll, 49 T.C. 557, 567-568 (1968); James Donnelly, 28 T.C. 1278 (1957), affd., 262 F. 2d 411 (C.A. 2, 1959); Louis Drill, 8 T.C. 902 (1947). Thus, the fact that petitioner undertook the landscaping of his 36 i/2-acre tract because he was a designer does not per se establish the requisite relationship between the activities in question and petitioner's trade or business. Petitioner is in no different position than a manufacturer or an artisan who may choose, and may find it commercially or professionally advantageous, to have outstanding examples of his production in his personal residence, but this factor alone does not *256 transform the essentially personal character of such use into a trade or business activity. The evidence as a whole suggests that petitioner simply hoped that his landscaping house construction project might contribute to the development of a design practice at Martha's Vineyard. While petitioner did say that certain of his clients had seen his landscaping, he presented us with no probative evidence which convinces us that the project caused or contributed to the actual obtaining of any design business. [4]
On this record, we are not persuaded that petitioner has established more than a peripheral relationship between the landscaping activities and his trade or business of designing. The same can be said of his claimed deduction for the cost of drilling four dry water wells on his premises. Petitioner's reliance upon Rev. Rul. 54-581, 1954-2 C.B. 112, Rev. Rul. 56-599, 1956-2 C.B. 122, and Rev. Rul. 61-206, 1961-2 C.B. 57, *257 is entirely misplaced, since these rulings discuss abandonment losses in the context of the conceded existence of the necessary relationship to a trade or business. [5]
Petitioner also claimed as a business deduction one-half of the cost of renting a cottage at Martha's Vineyard during 1963 and one-third of the rental of the same cottage during 1964. The cottage had only one room, where petitioner lived and in which he maintained a table suitable for designing. Petitioner testified that most of his designing at the cottage was for his own house which he has since begun to construct on the 36 i/2-acre tract. There is absolutely *258 no basis on this record for determining that petitioner's designing of his own house was any more closely related to his trade or business than was the landscaping. Nor is there any probative evidence that petitioner did any designing for clients at the cottage. Consequently, we sustain respondent's disallowance of the claimed rental deduction. Finally we come to the deductibility of petitioner's travel expenses between New York and Martha's Vineyard. Since we have determined that petitioner's activity in Martha's Vineyard was not business related, the travel expenses are not deductible. 500 By way of summary, we are unconvinced that petitioner's sojourns to and activities in Martha's Vineyard were sufficiently business related during the years in question so as to warrant the conclusion that the claimed expenditures constituted ordinary and necessary business expenses. [6]
*259 In order to reflect various concessions of the parties, [7]
Decisions will be entered under Rule 50. Footnotes
1. All references, unless otherwise stipulated, are to the Internal Revenue Code of 1954, as amended. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
3. SEC. 263. CAPITAL EXPENDITURES. (a) General Rule. - No deduction shall be allowed for - (1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * *↩
4. Of the eleven projects which petitioner claims were related to his owning and developing the Martha's Vineyard property, only one was underway during 1964, and that was for a client who had previously known the petitioner in graduate school.↩
5. We also note that the costs of landscaping would appear to be capital in nature so that, even if the proximate business relationship were established, petitioner would at best be entitled to a depreciation deduction, assuming that a measurable period of useful life could be established. See Alabama-Georgia Syrup Co., 36 T.C. 747, 771 (1961), reversed on other issues sub nom. Whitfield v. Commissioner, 311 F. 2d 640 (C.A. 5, 1962). See Rev. Proc. 62-21, Part I, Group One, No. 3, 1962-2 C.B. 418↩, 419.
6. Even if a proximate relationship had been established, it is clear that at least part of petitioner's expenditures were attributable to personal use and we have been furnished with no basis upon which even an approximate allocation could be made. Cf. Ralph E. Duncan 30 T.C. 386 (1958); Dewey F. Cobb, 13 T.C. 495, 503-504 (1949), reversed on other issues, 185 F. 2d 255↩ (C.A. 6, 1950).
7. We assume that the parties' apparent agreement at trial with respect to the deductibility of certain conceded business expenses reimbursed by petitioner's employer will be properly reflected in the Rule 50 computation. Such expenses may only be deducted to the extent that they are included in computing gross income. Cf. Rev. Rul. 59-396, 1959-2 C.B. 29↩.