John T. Brennan and Monica F. Brennan v. Commissioner.
Brennan v. Commissioner
Docket No. 2531-70 SC.
United States Tax Court
T.C. Memo 1971-176; 1971 Tax Ct. Memo LEXIS 153; 30 T.C.M. (CCH) 751; T.C.M. (RIA) 71176; July 26, 1971, Filed. John T. Brennan, pro se, 59 Berry Place, Glen Rock, N. J.James A. McNabb, Jr., for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: The respondent determined a deficiency in petitioners' Federal income tax for 1967 in the amount of $539.01. The issues for decision are whether petitioners are entitled to deductions for lost income, legal fees and other litigation expenses and property damage arising out of two separate automobile accidents involving the petitioners and their children or the petitioners alone. *154 Findings of Fact Some of the facts have been stipulated and they are so found. Petitioners were residents of Glen Rock, New Jersey when they filed the petition in this case. On July 21, 1962, petitioners, together with their three children, were involved in an automobile accident. Petitioners individually and the mother, as guardian, sued the driver of the other car. After trial a jury verdict in favor of Sean, the youngest child, was rendered in the amount of $1,100. The judgment on the verdict was affirmed on petitioners' appeal to the Superior Court of New Jersey, Appellate Division on February 19, 1968. Petitioners paid in 1967 with respect to this legal action legal fees of $2,250; for travel to doctors, treatment, cost of examinations and depositions $269; for expert medical witness $200. The petitioners' automobile, a 1951 Cadillac, was severely damaged in this accident. Its salvage value was approximately $10. The fair market value of the automobile immediately prior to the accident was not greater than $525. The cost or other basis of the automobile is unknown. In September 1965 petitioners were involved in another automobile accident and they sued the driver of the *155 other car. The action was tried before a jury but was settled by the parties for $1,500 prior to verdict. The petitioners paid legal fees in 1967 in connection with the second law suit in the amount of $500. In Part II of their Federal income tax return for 1967 petitioners claimed as a miscellaneous deduction $4,014.40 described as "Auto Accident Loss, 1962 (See attached statement)". The statement attached to their return which explained the amount of the deduction is as follows: Miscellaneous Deductions
Brennan v. Biber Superior Court
Auto Accident 1962
Legal fees (see statement from at- torney attached)
$2,250.00
Auto market value
$750.00
Junk value 10.00
$740.00
Less $100 floor 100.00
$640.00
640.00
Travel expenses to and from doctor's office, medical treatment, order of court for examination, or deposi- tions
269.00
Court appearance of Medical expert
200.00
Brennan v. Brown Superior Court of New Jersey (Legal fees)
500.00
Travel expenses
25.00
Union dues
48.00
Property held for investment real es- tate taxes 82.40
$4,014.40
Opinion Petitioner John T. Brennan, the only witness for the petitioners, claimed *156 loss of income in various amounts in different parts of his testimony ranging from $2,000 to $2,500 due to absences from work resulting from his attendance on matters pertaining to the litigation in connection with the 1962 accident; and, in connection with the 1965 accident, he claimed loss of income due to absences from work resulting from his attendance on matters pertaining to this litigation but the record does not show the amount claimed as such lost income. 752 The short answer to petitioners' claims for deduction for lost income and destruction of their 1951 Cadillac automobile arising out of the 1962 accident is that the decision of the Superior Court of New Jersey, Appellate Division was not handed down until February 1968, consequently, the claims arising out of this accident are premature. However, it would be a disservice to the petitioners to lead them to believe they might have obtained the deductions if they had claimed them in the proper year. Accordingly, we will discuss the merits of their claim as we see it without regard to the prematurity of their claim. The petitioners have two theories upon which they base the claim for a deduction for loss of income *157 because of absence of Mr. Brennan from work. One appears to be that the difference between the amount sued for and the amount recovered by verdict or settlement represents the lost income. The other is a straightforward claim that the failure to work when work was available to Mr. Brennan but not undertaken because of necessary visits to doctors, lawyers and courts in connection with the law suits arising out of the two accidents represented a financial loss to him. This Court has held that there is no basis whatever in the Internal Revenue Code to deduct as a loss amounts that could have been earned by a taxpayer if employed. [1] Nor would the difference between the amount sued for in either law suit and the amount received be a deductible loss even if the petitioners had proved the suits were for lost income, which we hold they did not. United States v. Safety Car Heating and Lighting Co., 297 U.S. 88 (1936). The deductions claimed for legal fees and other expenses of the litigation are personal expenses. The expenses were not incurred in pursuit of a *158 trade or business or in a transaction entered into for profit. Consequently, they cannot be deducted by petitioners. Joseph D. and Irine M. Murphy, 48 T.C. 569 (1967). We have found that the fair market value of petitioners' 1951 Cadillac automobile immediately before the accident on July 21, 1962 was not greater than $525 and immediately thereafter was $10.00. Petitioner's testimony as to the value of the automobile was general and lacking in the specifics required to establish either his qualifications to make the valuation or the actual value of the automobile. Moreover, he admitted that he did not have any knowledge of selling prices of automobiles similar to his. Finally, the petitioners have failed to prove the cost or other basis of the automobile. Section 1.165-7(b), Income Tax Regulations provides: "* * * (1) General Rule. - In the case of any casualty loss whether or not incurred in a trade or business or in any transaction entered into for profit, the amount of loss to be taken into account for purposes of section 165(a) shall be the lesser of either - "(i) The amount which is equal to the fair market value of the property immediately before the casualty *159 reduced by the fair market value of the property immediately after the casualty; or "(ii) The amount of the adjusted basis prescribed in § 1.1011-1 for determining loss from the sale or other disposition of the property involved." (Emphasis supplied) Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. W. M. Bostick, T.C. Memo. 1957-220. Marjory C. Greenfield, T.C. Memo. 1965-203↩.