EDWARD J. CULLEN, petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cullen v. Commissioner
Docket No. 413-71.
United States Tax Court
T.C. Memo 1973-158; 1973 Tax Ct. Memo LEXIS 129; 32 T.C.M. (CCH) 777; T.C.M. (RIA) 73158; July 23, 1973, Filed Edward J. Cullen, pro se. Gerald W. Hartley, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1969 in the amount of $298.53. Petitioner has abandoned or conceded the correctness of all *130 the adjustments made by the Commissioner in his statutory notice of deficiency except the disallowance of attorney fees and court costs aggregating $561.50. The issue which remains for our decision is whether petitioner is entitled to deduct 2 court costs and fees paid in 1969 to an attorney for services in recovering for petitioner reimbursement for medical expenses incurred in connection with an automobile accident. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein. Petitioner resided in Deltona, Florida, at the time he filed his petition in this case. He filed his Federal income tax return for the taxable year 1969 with the director, Internal Revenue Service Center, Chamblee, Georgia.
On December 24, 1967, petitioner was involved in an automobile accident, suffering injuries to his lower back. He incurred medical expenses as a result of the injury aggregating $439.94. He filed a claim with Government Employees Insurance Company, which was the insurance carrier for the other party involved in the automobile accident. After being unable to reach a settlement, petitioner, in April 1968, employed an attorney *131 to represent him in collecting the claim. During the period that petitioner was being treated 3 for his injuries he was absent from his job at various times for which he was not paid because he was employed at an hourly wage. He advised his attorney of the loss of wages but the attorney did not take the loss of wages into consideration in pursuing petitioner's claim. The claim was strictly for past and future medical expenses occasioned by the accident. In late 1968 a settlement was reached whereby petitioner would receive $2,000 in complete settlement of his claim. In January 1969 petitioner received the reimbursement from the insurance company in the amount of $2,000 less the attorney's fee of $500 and court costs of $61.50. At that time petitioner paid the medical expenses involved of $439.94. Attorney fees and court costs are not deductible per se. If deductible they must relate to a section of the Internal Revenue Code which entitles a taxpayer to deduct expenses relating to specific activities. The facts in the instant case could conceivably give rise to a deduction under three sections of the Internal Revenue Code, sections 162, 212 and *132 213. [1] 4 The deductibility of attorney fees and court costs turns on the nature of the claim involved in the legal matter referred to the attorney. United States v. Gilmore, 372 U.S. 39 (1963); Woodward v. Commissioner, 397 U.S. 572 (1970); and United States v. Hilton Hotels Corp., 397 U.S. 580 (1970). It is clear that the claim of petitioner involved solely past and future medical expenses arising out of personal injuries suffered in an automobile accident. Even if petitioner had been engaging in a trade or business at the time the accident occurred, the attorney fees and court costs would not be deductible as ordinary and necessary business expenses under section 162. Joseph D. Murphy, 48 T.C. 569 (1967). We held in that case that, although the taxpayer was driving his automobile to a client's office when he was injured, the legal fees paid to recover damages were not deductible because the recovery was not for loss of profits but instead to indemnify him for the bodily impairment he suffered. Ordinary and necessary expenses paid or incurred *133 in the collection of income are deductible under section 212(1) of the Code. Petitioner did not pursue his claim for loss of wages he suffered. The claim was for medical 5 expenses. Therefore, the attorney fees and court costs are not deductible under the provisions of section 212(1). Finally, attorney fees have, in limited situations, been held to be deductible as medical expenses under the provisions of section 213. To be deductible as medical expenses, however, they must exceed the amount of insurance recovered or other reimbursement for the expenses. Sec. 213(a); sec. 1.213-1(a) (3), Income Tax Regs. Petitioner incurred medical expenses aggregating $439.94 and attorney fees and court costs aggregating $561.50, yet he recovered $2,000. Accordingly, even if we found that the attorney fees and court costs could be classified as medical expense, of which we have substantial doubt, petitioner would be entitled to no deduction because the reimbursement exceeds the total expenses. We hold, therefore, that petitioner is not entitled to deduct attorney fees and court costs aggregating $561.50 in the taxable year 1969. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended. ↩