T.C. Memo. 1995-530

UNITED STATES TAX COURT

THOMAS D. STRICKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12670-79.          Filed November 8, 1995.

Thomas D. Stricker, pro se.

<u>Mark A. Weiner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency in the amount of $2,754 in petitioner's Federal income tax for 1976. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions by both parties, we must decide the following issues:  (1) Whether petitioner is entitled to a deduction for legal expenses; (2) whether petitioner is entitled to a deduction for rent expenses greater than that allowed by respondent; and (3) whether petitioner is entitled to a deduction

for the cost of a sales course, as well as for other expenses associated with the course.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, petitioner resided in Sacramento, California.

In 1974, while petitioner was driving his truck in the conduct of his business, his truck was struck by a California Highway Patrol (CHP) car. Petitioner sought advice from an attorney about the possibility of filing a personal injury suit against the CHP. Petitioner wanted to seek monetary damages for injuries he received from the accident. After determining that the possibility of recovery of damages was slight, petitioner did not pursue the action any further. Petitioner incurred expenses of $384 for the attorney's services. Petitioner deducted these legal expenses on his 1976 Federal income tax return. Respondent disallowed this deduction.

During 1976, petitioner began his own business selling meat and seafood. Petitioner rented a house located at Bridgeford Drive in Sacramento, California (the Bridgeford property), to use for his business. Petitioner used the Bridgeford Drive address for his personal and business checking accounts. On his 1976 return, petitioner deducted as a business expense 100 percent of

the rent he paid on the Bridgeford property.  Respondent disallowed 60 percent of this deduction.

The Bridgeford property was a house containing three bedrooms, two bathrooms, a family room/dining room, and a kitchen.  Petitioner placed freezers, where he stored his food products, in the garage.  Petitioner used only one or two rooms of the house, in addition to the garage, for business purposes.

Petitioner traveled on business Monday through Friday. Petitioner stayed overnight at the Bridgeford Drive property and cooked meals there.

Petitioner enrolled in the Big League Sales Course in late 1976.  The course was offered exclusively to Scientologists through the Church of Scientology and took place on church-owned property in Florida.  The course was not offered in any other location.

While in Florida, petitioner's accommodations were in the Fort Harrison Hotel, which the Church of Scientology owned. After approximately 20 days, petitioner completed the course and received a certificate designating him a "Hubbard Professional Service Consultant".

The course required petitioner to read assigned portions of a 193-page book by Les Dane (Dane) entitled "Big League Sales Closing Techniques".  Petitioner had purchased and read the book in its entirety in 1974 and read it again in relation to the course taken in 1976.  The Big League Sales Course also used

Church of Scientology scriptures on consulting in addition to the Dane book.

As part of his course of study, petitioner was to practice the sales techniques from his reading on other students. Because petitioner was the only person enrolled in the sales course at the time, however, this was not possible.

After petitioner finished a reading assignment, a supervisor, who oversaw several of the Scientology course offerings, would "examine" petitioner about the portion of the book he had read. This examination consisted of petitioner's attesting to the completion of the materials. The supervisor would ask: "Can you apply those materials?" Petitioner would respond: "Yes, I can apply those materials."

During 1976, petitioner was enrolled in other Church of Scientology courses. The other courses, however, related solely to spiritual counseling.

On his 1976 Federal income tax return, petitioner deducted the $948 course fee and $1,366 in additional money spent on travel, accommodations, and other expenses relating to the course. Respondent disallowed the deduction.

## OPINION

Petitioner bears the burden of establishing that he is entitled to the claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v.

Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133.

Legal Expense

Petitioner argues that legal expenses incurred to investigate the possibility of a personal injury claim against the CHP are deductible business expenses because the accident giving rise to the possible personal injury claim occurred while petitioner was engaged in business activities. Respondent asserts that the legal expenses are personal in nature and not deductible pursuant to section 262. We agree with respondent.

This case is indistinguishable from our decision in Murphy v. Commissioner, 48 T.C. 569, 570 (1967), in which we said:

> Congress has seen fit to regard an individual as having two personalities: one as a seeker of profit who can deduct the expenses incurred in that search, the other as a creature satisfying his needs as a human and those of his family but who cannot deduct the expenditures incurred in such satisfaction.

See United States v. Gilmore, 372 U.S. 39, 44 (1963). Petitioner possessed both personalities at the time of his accident. While it is true that petitioner was a profit seeker at the time of the accident, the damages that petitioner sought were not "profits" in the sense of compensation for his business efforts. Murphy v. Commissioner, supra at 570. Rather, as payments solely for personal injuries, the damages petitioner sought were designed to indemnify him for bodily impairment that he suffered. Id. Because the legal expenses were not incurred in the carrying on

of a trade or business, the expenditures are nondeductible personal expenses.

Home Office Expense

Petitioner used the Bridgeford property as the principal place of business for his meat and seafood sales. Respondent thus allowed petitioner to deduct 40 percent of the rent expense on the Bridgeford property. Petitioner argues that 100 percent of the rental expense should be allowed as a deduction.

Section 280A establishes the general rule that no deduction is allowed with respect to business use of a taxpayer's personal residence. Section 280A(c)(1)(A), however, provides that section 280A shall not apply if a portion of the taxpayer's personal residence is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer. See Sam Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1556-1557 (1987).

The evidence presented by petitioner, consisting of photographs of the Bridgeford property along with petitioner's testimony, fails to establish that petitioner used more than 40 percent of the Bridgeford property exclusively for business purposes. The legislative history of section 280A dealing with exclusive use explains:

> Exclusive use of a portion of a taxpayer's dwelling unit means that the taxpayer must use a specific part of a dwelling unit solely for the purpose of carrying on his trade or business. The use of a portion of a dwelling unit for both personal purposes

and for the carrying on of a trade or business does not meet the exclusive use test. Thus, for example, a taxpayer who uses a den in his dwelling unit to write legal briefs, prepare tax returns, or engage in similar activities as well as for personal purposes, will be denied a deduction for the expenses paid or incurred in connection with the use of the residence which are allocable to these activities. * * * [S. Rept. 94-938, at 148 (1976), 1976-3 C.B. (Vol. 3) 186; H. Rept. 94-658, at 161 (1975), 1976-3 C.B. (Vol. 2) 853.]

The majority of the photographs of the Bridgeford property introduced by petitioner depict the exterior of the house. The interior photographs show the garage (where petitioner kept his inventory in freezers), a hallway with an office chair, and two rooms containing office furniture. At least one bedroom, the family room/dining room, and the kitchen are not shown in these photographs. Petitioner's testimony at trial indicated that he used the kitchen to cook his meals, and it appears that he stayed overnight at the Bridgeford property.

This evidence is not sufficient to show that 100 percent of the rental expense of the Bridgeford property is deductible. Certain areas of the house were not used exclusively for business purposes. Still, other areas have not been shown to have been used for business purposes at all. Therefore, respondent's determination that petitioner cannot deduct the remaining 60 percent of the rental expense of the Bridgeford property will be sustained.

Education Expense

Petitioner asserts that the cost of the Big League Sales Course and associated expenditures were deductible as ordinary and necessary business expenses pursuant to section 162. Respondent contends that the course cost and the associated expenses were personal expenses and not ordinary and necessary business expenses and, therefore, were not deductible pursuant to section 262.

Section 162 allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Certain expenditures made by an individual for education are deductible as ordinary and necessary business expenses if the expenditure:

> (1) Maintains or improves skills required by the individual in his employment or other trade or business, or

> (2) Meets the express requirements of the individual's employer, or other requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. [Sec. 1.162-5(a), Income Tax Regs.]

Petitioner's participation in a sales course may have maintained or improved the skills required of him in his occupation as a salesman. The expenditure for such coursework, however, must still be ordinary and necessary in order to be deductible. Sec. 162(a).

"Ordinary" has been defined as that which is "normal, usual, or customary" in the taxpayer's particular trade or business.

Deputy v. du Pont, 308 U.S. 488, 495 (1940). The expense need not be one common for the particular taxpayer but, instead, be one that is not rare in the taxpayer's business. See Welch v. Helvering, 290 U.S. 111, 114 (1933). Enrolling in a sales course to improve sales skills is a "normal" expenditure for a salesman. In this instance, however, petitioner left his home and his business for over 20 days to attend a sales course that consisted of his reading a 193-page book. The lack of intensity in study, coupled with the length of time away from his business, is certainly not ordinary in the sale of meat and seafood.

"Necessary" has been construed to mean "appropriate" or "helpful", not "indispensable" or "required". Ford v. Commissioner, 56 T.C. 1300, 1306 (1971), affd. 487 F.2d 1025 (9th Cir. 1973). It is sufficient if "there are also reasonably evident business ends to be served, and the intention to serve them appears adequately from the record." B. Manischewitz Co. v. Commissioner, 10 T.C. 1139, 1145 (1948). Sales training is an "appropriate" expenditure for a salesman. From the record, we conclude that petitioner had an intention to serve his business when he participated in the Big League Sales Course. Inherent in the concept of "necessary", however, is that an expenditure must be reasonable in relation to its purpose. To the extent that an expenditure is not reasonable, it is not necessary. An expenditure may be, by its nature, ordinary and necessary, but at the same time it may be unreasonable in amount. United States v.

Haskel Engineering & Supply Co., 380 F.2d 786, 788 (9th Cir. 1967).  The focus must be, therefore, on the primary purpose of the expenditure as it may be inferred from the totality of the facts concerning the benefits to be achieved, the direct relationship of those benefits to petitioner's business, and the reasonableness of the expenses.  Love Box Co. v. Commissioner, T.C. Memo. 1985-13, affd. 842 F.2d 1213 (10th Cir. 1988).

Whether an expenditure is reasonable is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943); Voigt v. Commissioner, 74 T.C. 82, 89 (1980).  In this case, petitioner deducted over $2,300 in expenses relating to his participation in the Big League Sales Course.  The Big League Sales Course, while promoted as a sales training course, involved little more than petitioner's reading Dane's book.  Although petitioner stated that the "course" was not offered at any other location, it is difficult to believe that petitioner could not have received the same training from reading the Dane book in the comfort of his home.  The "examinations" by the course supervisor did nothing to reinforce petitioner's learning.  Furthermore, the location of the course on Church of Scientology property, the restriction of participation to Scientologists alone, and the apparent use of Scientology scriptures as part of the "course" indicate that the pervasive purpose of this course was not that of improving petitioner's sales skills.  The course cost and expenditures associated with the course are not reasonable in light of the

benefits to petitioner's business and, therefore, are not necessary.  Respondent's determination that the course fee and associated expenses are not deductible will be sustained.

To reflect the foregoing and concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155.</u>