T.C. Memo. 2010-132

UNITED STATES TAX COURT

DIANA M. COURY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17747-07.                    Filed June 15, 2010.

Diana M. Coury, pro se.

<u>William J. Gregg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income tax and additions to tax under

section 6651(a)[1] for 1999 through 2004.  The amounts remaining in dispute are as follows:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) |
| --- | --- | --- |
| 1999 | $13,922 | $2,974.25 |
| 2000 | 18,262 | 4,108.95 |
| 2001 | 22,490 | 5,060.25 |
| 2002 | 20,127 | 4,528.58 |
| 2003 | 16,466 | 3,704.85 |
| 2004 | 11,111 | 2,499.98 |

After concessions,[2] the issues left for decision are:  (1) Whether petitioner is entitled to deductions in excess of those respondent allowed; and (2) whether petitioner is liable for the additions to tax under section 6651(a)(1).  For the reasons stated herein, we hold that petitioner is not entitled to deductions in excess of those respondent allowed and is liable for the additions to tax under section 6651(a)(1).

### FINDINGS OF FACT

Petitioner resided in Maryland when she filed her petition. Petitioner is a self-employed insurance broker selling life, health, and disability insurance.  Since 1999 petitioner has

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent conceded petitioner is entitled to: (1) Depreciation deductions for all years at issue claimed on Schedule C, Profit or Loss From Business; (2) Schedule C auto expense deductions for 2001; (3) a long-term capital loss deduction for 2002; and (4) Schedule C expense deductions for 2003.

suffered several medical problems including injuries from two car accidents, one occurring in June 1999 and the other in April 2003. Despite her accidents, illnesses and medical conditions, petitioner received the following income from her insurance business:

| 1999 | 2000 | 2001 | 2002 | 2003 | 2004 |
|------|------|------|------|------|------|
| $86,640 | $100,226 | $115,521 | $108,933 | $102,856 | $91,683 |

Although petitioner requested extensions of time to file income tax returns for all years at issue, she failed to actually file the returns. Respondent prepared substitutes for returns. On May 7, 2007, respondent issued to petitioner a notice of deficiency for the years in issue. Petitioner filed a timely petition to the Court. Petitioner conceded receipt of the income but contended that she was entitled to deductions. During the discovery process respondent conceded that petitioner was entitled to portions of the deductions she claimed. The deductions petitioner claims and the amounts respondent has allowed are as follows:

| Expense | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 |
|---------|------|------|------|------|------|------|
| Car & truck | | | | | | |
| P seeks | $18,844 | $16,389 | $20,038 | $14,564 | $13,748 | $12,215 |
| R allowed | 9,432 | 8,195 | 10,019 | 7,283 | 6,875 | 6,108 |
| Business use of Home | | | | | | |
| P seeks | 23,669 | 25,625 | 26,932 | 27,676 | 27,151 | 30,553 |
| R allowed | 16,568 | 17,938 | 18,852 | 19,374 | 19,006 | 21,387 |

| Expense | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 |
|---|---|---|---|---|---|---|
| Self-employed health insurance | | | | | | |
| P seeks | 3,512 | 4,531 | 5,618 | 6,510 | 8,887 | 11,033 |
| R allowed | 2,108 | 2,719 | 3,371 | 4,457 | 8,888 | 11,034 |
| Medical | | | | | | |
| P seeks | 90 | 2,095 | 6,990 | 2,040 | 2,368 | 1,142 |
| R allowed | -0- | -0- | -0- | -0- | -0- | -0- |
| Travel[1] | | | | | | |
| P seeks | --- | --- | --- | --- | --- | --- |
| R allowed | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 | 2,154 |
| Total | | | | | | |
| P seeks | 48,269 | 50,794 | 61,732 | 52,949 | 54,308 | 57,094 |
| R allowed | 30,262 | 31,006 | 34,396 | 33,268 | 36,932 | 40,683 |

[1]Petitioner seeks unspecified amounts of deductions in excess of those respondent allowed.

In the notice of deficiency, respondent determined additions to tax for late filing and late payment under section 6651(a)(1) and (2). Respondent concedes that petitioner is not liable for the section 6651(a)(2) additions to tax. Rather, respondent seeks to increase the section 6651(a)(1) additions to tax for the years in issue.

OPINION

Burden of Proof

The taxpayer bears the burden of proving by a preponderance of the evidence that the Commissioner's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any claimed deductions. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503

U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

In general, the burden of proof with regard to factual matters rests with the taxpayer. Under section 7491(a), if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability for tax and meets other requirements, the burden of proof shifts from the taxpayer to the Commissioner as to that factual issue. Petitioner has not alleged that section 7491(a) applies or established her compliance with its requirements. Therefore, the burden of proof remains on petitioner. See Rule 142(a).

Section 6214(a) grants the Court jurisdiction to redetermine a deficiency and to determine whether any additional amounts or any additions to tax should be assessed. Respondent may assert an increased amount under section 6214(a). Thus, with respect to the increased section 6651(a)(1) additions to tax, respondent bears the burden of proof.

Deductions

A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. See sec. 162. Where a taxpayer claims a business expense but cannot fully substantiate it, the Court generally may approximate the allowable amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We may do so only when the taxpayer

provides evidence sufficient to establish a rational basis upon which an estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

For certain kinds of expenses otherwise deductible under section 162(a), a taxpayer must satisfy substantiation requirements set forth in section 274(d) before such expenses will be allowed as deductions. Section 274(d) substantiation requirements supersede the Cohan doctrine. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274(d) disallows deductions for travel expenses, gifts, meals, and entertainment, as well as for listed property as defined by section 280F(d)(4), unless the taxpayer substantiates by adequate records or corroborates by sufficient evidence the taxpayer's own statements as to: (1) The amount of the expense; (2) the time and place of the travel or entertainment, or the date and description of the gift; (3) the business purpose of the expense; and (4) the business relationship of the taxpayer to the persons entertained.

Petitioner claimed a number of deductions for her insurance business. We will take each expense in turn.

1. Car and Truck Expenses

Respondent conceded that petitioner is entitled to a deduction of 50 percent of her claimed auto expenses for each year. Petitioner claims she is entitled to deduct the total

costs associated with vehicle ownership including car payments, car insurance, and other maintenance charges for 1999 to 2004.

Petitioner's passenger automobile is listed property under section 280F(d)(4)(A)(i) and thus related expenses are subject to the substantiation requirements of section 274(d). A taxpayer must prove four elements to be allowed a deduction for listed property: (1) Amount of expenditures, (2) amount of use (3) time, and (4) business or investment purpose. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The amount of expenditure concerns the amount of each separate expenditure with respect to an item of listed property whereas the amount of use concerns the amount of each business or investment use based on the appropriate measure and the total use of the listed property for the taxable period. Sec. 1.274-5T(b)(6)(i)(A) and (B), Temporary Income Tax Regs., supra. Additionally, a taxpayer must substantiate each element by adequate records or by sufficient evidence corroborating her testimony. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). To satisfy the adequate records standard, the taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets or similar record, and other documentary evidence such as receipts. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner submitted a printout of all transactions conducted through her checking account for every year at issue. Petitioner attached separate calculations to each year's checking records, one of which was labeled "Auto expenses". Petitioner also presented an invoice from February 2002 for the purchase of two radial tires. Petitioner failed to produce any appointment books, mileage records, or driving summaries indicating business use of the vehicle. Petitioner has failed to adequately substantiate under section 274(d) the vehicle's business use. Thus, petitioner is not entitled to additional deductions for her vehicle for any year at issue.

2. Travel Expenses

Respondent allowed a deduction of $2,154 for travel expenses for each of the years at issue. Petitioner claims she is entitled to an unspecified amount of additional travel expenses for each year.

A deduction is allowed for ordinary and necessary travel expenses in the conduct of a taxpayer's trade or business. Sec. 1.162-2(a), Income Tax Regs. Travel expenses, including transportation and lodging while away from home, are subject to the strict substantiation requirements of section 274(d). Sec. 274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To substantiate a deduction attributable to travel away from home, a taxpayer must maintain adequate records or

present corroborative evidence to show: (1) The amounts of the expenses, (2) time and place of travel, and (3) the business or investment purpose of the expenses. Sec. 274(d) (flush language); sec. 1.274-5T(b)(2), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985).

Petitioner did not claim any specific amounts of deductions but vaguely testified that she was entitled to deduct additional travel expenses. Petitioner testified that her customer accounts were located throughout the United States and offered as evidence boarding passes, shuttle receipts, and flight itineraries for both US Airways and Southwest Airlines. However, petitioner did not testify as to the specific business purposes of these trips. Petitioner has failed to produce trip logs, meeting records, or any documentary evidence connecting the details of her travel with a business purpose. Thus, because petitioner has not satisfied the strict substantiation requirements of section 274(d), petitioner is denied additional travel expense deductions.

### 3. Business Use of Home

Respondent allowed petitioner a deduction equal to 70 percent of the expenses she claimed for business use of her home for each year at issue. Petitioner claims she is entitled to deduct her total monthly payments for rent, cable, Internet, and other utilities.

### a. Rent

Section 280A(a) disallows deductions with respect to a dwelling unit used by a taxpayer as a residence during the taxable year, with certain exceptions. One of those exceptions applies to use of a home office. Sec. 280A(c)(1). Home office expenses are allowable if a portion of the dwelling unit is (1) used exclusively, (2) on a regular basis, (3) for the purposes enumerated in section 280A(c)(1). Hamacher v. Commissioner, 94 T.C. 348, 353-354 (1990). A taxpayer may not deduct 100 percent of home expenses where only a portion of the property is used exclusively for the taxpayer's business. See, e.g., Stricker v. Commissioner, T.C. Memo. 1995-530.

Petitioner claims that she used her apartment 100 percent for work, but she gave no testimony in support of how the apartment was used solely for business.

### b. Utilities

Section 262(a) provides that personal, living and family expenses are not deductible unless expressly allowed. The regulations specify that personal, living, and family expenses include utilities tied to a taxpayer's home unless the taxpayer uses a part of the home for business. Sec. 1.262-1(b)(3), Income Tax Regs. If part of the home is used as a place of business, a corresponding portion of the rent and other similar expenses, such as utilities, as is properly attributable to such place of

business is deductible as a business expense. Id.; see Boltinghouse v. Commissioner, T.C. Memo. 2007-324 (determining the taxpayer could not deduct cable costs when he provided no evidence establishing use of the home for business purposes even though a small portion of the taxpayer's cable use was for a business purpose). Utility expenses may be deductible under section 162(a) if the expenses incurred are ordinary and necessary in carrying on a trade or business. Vanicek v. Commissioner, 85 T.C. at 742. Internet expenses have been characterized as utility expenses. See Verma v. Commissioner, T.C. Memo. 2001-132. Taxpayers must provide the Court with a basis to determine what portion of the utilities was allocable to their business. Adler v. Commissioner, T.C. Memo. 2010-47.

Petitioner claims that the cable, Internet, and utilities were solely for her job. The only evidence petitioner presented was her Nation's Bank report showing monthly payments to the power and cable companies. Petitioner did not testify as to why the cable was necessary for her work.

In conclusion, petitioner is not entitled to deductions in excess of the amount respondent allowed for any year at issue because she has not shown that more than 70 percent of her home expenses, including rent and utilities, related to business.

4. Self-Employed Health Insurance

Respondent allowed petitioner deductions of 60 percent of claimed self-employed health insurance for years 1999-2001 and 70 percent for 2002. Petitioner claims she is entitled to deduct 100 percent of the costs of health insurance for the years 1999-2002.

The deductibility of health insurance costs paid or incurred by self-employed individuals is subject to section 162(l). Section 162(l) limits the amount of deductions allowed for health insurance of self-employed individuals. For 1999-2001, self-employed individuals may deduct only 60 percent of the amount paid or incurred during the year for health insurance. Sec. 162(l)(1). For 2002 self-employed individuals may deduct only 70 percent of the amount. Id. Respondent allowed petitioner the appropriate deductions. Because petitioner received the maximum deductions possible for years 1999-2002, she is not entitled to additional deductions.

5. Medical Expenses

Respondent did not allow petitioner any medical expense deductions in excess of the insurance discussed above. Petitioner seeks deductions for medical care expenses for 1999-2004. She claims medical expenses of:

| 1999 | 2000 | 2001 | 2002 | 2003 | 2004 |
|------|------|------|------|------|------|
| $90 | $2,095 | $6,990 | $2,040 | $2,368 | $1,142 |

Section 213(a) allows a deduction for expenses paid during the taxable year for medical care that is not compensated for by insurance or otherwise, to the extent that such expenses exceed 7.5 percent of adjusted gross income.

Petitioner's medical expenses do not exceed 7.5 percent of her adjusted gross income for any of the years at issue. Accordingly, she is not entitled to deduct additional medical expenses.

Section 6651(a)(1) Addition to Tax

For taxable years 1999-2004, petitioner requested extensions of time to file, but never submitted, returns. Section 6651(a)(1) imposes an addition to tax equal to 5 percent of the amount required to be shown as tax on the return. An additional 5 percent is imposed for each additional month or fraction thereof during which the failure continues, but not to exceed 25 percent in the aggregate. Id. Under section 7491(c), the Commissioner must come forward with sufficient evidence to show that an addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Here respondent also bears the burden of proof of the additional amounts asserted at trial.

This addition to tax may be avoided if the failure to file was due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245-246 (1985). Reasonable cause exists for late filing if the taxpayer exercised ordinary care

and prudence but was nevertheless unable to file on time.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Illness or incapacity may constitute reasonable cause if the illness caused an inability to file.  Joseph v. Commissioner, T.C. Memo. 2003-19.

Petitioner argues that she had reasonable cause because her health problems prevented her from filing and notes that she attempted to file as evidenced by timely requests for extensions. She provided numerous medical records detailing her health complications during the years at issue and continuing to the present.  We note that she was involved in two car accidents and was diagnosed with other medical conditions.  We acknowledge the severity of these medical issues, but we note that throughout the duration of petitioner's health problems she generated significant compensation as a self-employed insurance broker, traveled, and remained aware of her tax responsibilities. Finally, a request for an extension is not a license never to file, and thus petitioner's extension requests do not absolve her from actually filing.  Because petitioner conceded her receipt of income and respondent established that she never filed, respondent has met the burden of production under section 7491(c); and on the record as a whole we find the addition to tax under section 6651(a)(1) is applicable as respondent asserted.

We therefore find that petitioner did not have reasonable cause and is liable for the section 6651(a)(1) addition to tax for failure to file for each year at issue.

Conclusion

Because petitioner has not adequately substantiated her deductions, she is not entitled to deductions in excess of those respondent allowed.  Respondent has met the burdens of production and proof with respect to the addition to tax for failure to file, and petitioner is liable for the section 6651(a)(1) addition to tax for 1999-2004.

To reflect the foregoing,

Decision will be entered

under Rule 155.