T.C. Memo. 2018-126

UNITED STATES TAX COURT

DANIEL IMPERATO, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7896-14.                        Filed August 9, 2018.

Daniel Imperato, pro se.

<u>Kimberly A. Daigle</u> and <u>John T. Arthur</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined income tax deficiencies of $9,714,

$6,597, and $1,555, a section 6662(a) accuracy-related penalty of $1,835, $1,319,

and $311, and a section 6651(a)(1) failure to file addition to tax of $985, $622,

[*2] and $311 for 2008, 2009, and 2010, respectively.[1]  The issues for

consideration are unreported gross receipts for 2008, business expense deductions

for 2008 and 2009, the section 6662(a) penalties for 2008 through 2010, and the

section 6651(a)(1) additions to tax for 2008 and 2009.

Petitioner has conceded the 2010 tax deficiency, unreported gross receipts

of $18,650, and a $1,175 distribution from an individual retirement account.

Respondent has conceded the late filing penalty for 2010.

FINDINGS OF FACT

Petitioner resided in Florida when he filed his petition.  During the years at

issue, petitioner operated a consulting business in which he provided management,

scientific, and technical consulting.  Petitioner formed Imperiali Organization,

LLC (LLC), in 2002 as its sole member.  During 2008 the LLC maintained a bank

account (LLC account).  Petitioner had sole signatory authority over the LLC

account and made deposits into it during 2008.  In June 2008 petitioner filed a

certificate of conversion with the State of Florida to convert the LLC into a

Florida for-profit corporation, Imperiali Organization, Inc. (Corporation).

Petitioner was the president, the sole officer, and the sole director of the

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the years at issue; all Rule references are to the Tax Court Rules of Practice and Procedure.  All amounts are rounded to the nearest dollar.

[*3] corporation.  The corporation had a bank account over which petitioner had sole signatory authority (corporation account).  The corporation did not have any employees, did not hold board meetings, did not file corporate tax returns, did not file annual reports with the State, did not obtain a Federal employer identification number, and did not have any assets other than the corporation account.  It was inactive in 2008.  Petitioner made deposits into the corporation account in 2008 and used funds in the corporation account for personal purposes.  During 2008 petitioner also had four personal bank accounts (personal accounts) in addition to the LLC account and the corporation account.

Petitioner received extensions to file his 2008 and 2009 income tax returns and filed the returns three days after their due dates under extension.  He reported $89,500 in gross receipts for 2008 and claimed business expense deductions for automobile expenses for 2008 and 2009, travel expenses for 2009, and a commission expense for 2009 relating to his consulting business on Schedules C, Profit or Loss From Business.  He used a portion of his personal residence for business purposes and deducted mortgage, interest, real estate taxes, utilities, or management fees for his personal residence of $14,976 and $25,149 for 2008 and 2009, respectively, as home office deductions on the basis that he used 37.5% and 50%, respectively, of his residence for business purposes.

[*4] During the examination Revenue Agent Arceny Duran sought to assert a section 6662(a) accuracy-related penalty for each year at issue. His immediate supervisor approved the initial assertion of the penalties and signed the civil penalty approval form, satisfying the requirements of section 6751(b)(1).

In the notice of deficiency respondent determined that petitioner had unreported gross receipts for 2008 of $142,936 on the basis of deposits into the six above-mentioned bank accounts. He determined that portions of the deposits into the accounts were nontaxable receipts. At trial respondent presented evidence that petitioner had 2008 gross receipts of $312,231 as follows: $87,550 of deposits into two personal bank accounts, $145,244 of deposits into the LLC account, and $79,437 of deposits into the corporation account. These deposits would result in unreported 2008 gross receipts in excess of the amount determined in the notice of deficiency. However, respondent did not assert an increase in the pleadings.

In the notice of deficiency respondent also disallowed business expense deductions for automobile expenses of $13,581 and $12,765 for 2008 and 2009, respectively, travel expenses of $6,211 for 2009, and a commission expense of $20,000 for 2009. Respondent allowed $2,783 and $2,777 of the amounts that petitioner deducted as home office expenses for 2008 and 2009, respectively, and disallowed the remainder of the claimed home office deductions. He also allowed

**[\*5]** deductions for business expenses of $142,044 and $37,138 for 2008 and 2009, respectively, that petitioner incurred in connection with his consulting business but did not report on his tax returns.

## OPINION

The determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that they are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

I.      Unreported Income

Section 61(a)(1) defines gross income as all income from whatever source derived. See sec. 1.61-2(a)(1), Income Tax Regs. When the Commissioner determines that a taxpayer has unreported income, the determination in the notice of deficiency must be supported by "some evidentiary foundation linking the taxpayer to the alleged income-producing activity." Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993) (quoting Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977)), aff'g T.C. Memo. 1991-636. The Commissioner need only provide a minimal evidentiary showing that the taxpayer failed to report income for the presumption of correctness to apply. Id. Petitioner does not dispute that he engaged in an income-producing activity for 2008 as reported on his Schedule C. Respondent determined that petitioner was

**[*6]** entitled to business expense deductions for 2008 for his income-producing activity in excess of the amounts claimed on his 2008 tax return.

Taxpayers are required to maintain books and records sufficient to establish the amount of their gross income. Sec. 6001. If a taxpayer fails to do this, the Commissioner may reconstruct the taxpayer's income using any method that clearly reflects income. Sec. 446(b); see Holland v. United States, 348 U.S. 121 (1954); Giddio v. Commissioner, 54 T.C. 1530, 1532-1533 (1970). Respondent reconstructed petitioner's unreported gross income for 2008 and 2010 using the bank deposits method. Respondent obtained the bank records through summonses to the banks. Petitioner asserted that he did not have the records because the documents were confiscated by the Federal Bureau of Investigation. Bank deposits are prima facie evidence of income. DiLeo v. Commissioner, 96 T.C. 858, 868 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992). The Commissioner's reconstruction need not be exact, but it must be reasonable in the light of all the surrounding facts and circumstances. Petzoldt v. Commissioner, 92 T.C. 661, 687 (1989). The bank deposits method of reconstruction assumes that all of the deposits into a taxpayer's account are taxable income unless the taxpayer can show that the deposits are not taxable. DiLeo v. Commissioner, 96 T.C. at 868. The taxpayer has the burden to establish that the deposits were derived from a

[*7] nontaxable source. Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978). Respondent determined that portions of the deposits were nontaxable.

Respondent included deposits made into the LLC and corporation accounts in petitioner's gross receipts, arguing that the deposits are taxable to petitioner because he exercised dominion and control over the accounts. Petitioner had sole signatory authority over these accounts. For purposes of the bank deposits method, the Commissioner may include in a taxpayer's gross income bank deposits into accounts over which the taxpayer has dominion and control, not just deposits into his personal bank accounts. United States v. Goldberg, 330 F.2d 30, 38 (3d Cir. 1964); Davis v. United States, 226 F.2d 331, 334-335 (6th Cir. 1955); see Chambers v. Commissioner, T.C. Memo. 2011-114, slip op. at 18 (deposits into church account over which pastor exercised dominion and control included in pastor's income); Price v. Commissioner, T.C. Memo. 2004-103 (deposits into lawyer's cash management account over which lawyer exercised dominion and control included in lawyer's gross income); Cohen v. Commissioner, T.C. Memo. 2003-42 (similarly with respect to the sole shareholder for a corporate account included in gross income). A taxpayer has dominion and control over an account when he is free to use its funds at will. See Rutkin v. United States, 343 U.S. 130, 137 (1952). Petitioner's using the money deposited into the LLC and corporation

**[*8]** accounts for personal purposes indicates dominion and control. See Woods v. Commissioner, T.C. Memo. 1989-611, aff'd, 929 F.2d 702 (6th Cir. 1991). Accordingly, we hold that petitioner had dominion and control over the amounts deposited into the LLC and corporation accounts during 2008, and the deposits are included in his gross receipts to the extent determined in the notice of deficiency.

In the alternative respondent argues that we should treat the deposits into the corporation account as petitioner's gross receipts by disregarding the corporation as a separate legal entity for Federal tax purposes. A corporation is a separate taxable entity if it was incorporated for a business purpose and it engaged in a business activity. See Moline Props., Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943); Strong v. Commissioner, 66 T.C. 12, 23-24 (1976), aff'd, 553 F.2d 94 (2d Cir. 1977). When a corporation is disregarded for Federal tax purposes, its income is attributed to the true income earner. Shaw Constr. Co. v. Commissioner, 35 T.C. 1102, 1114-1117 (1961), aff'd, 323 F.2d 316 (9th Cir. 1963). Respondent argues that the corporation fails the two requirements for a separate legal existence, i.e., it was not formed for a business purpose and it did not carry on a business activity. We agree. Petitioner has not established that he had a business purpose for organizing the corporation. The corporation did not carry on a trade or business and did not maintain corporate formalities. Petitioner

[*9] testified that the corporation did not exist during 2008. We hold that the corporation did not have a separate legal existence and is not recognized for Federal tax purposes. Accordingly, the deposits into the corporation account are includible in petitioner's gross receipts under this alternative argument.

Respondent presented sufficient evidence of unreported gross receipts of $142,936 for 2008. Petitioner has not established that the deposits are nontaxable. He contends that the deposits were nontaxable equity from the sale of a separate corporation, Imperiali, Inc., and alternatively that Imperiali, Inc., filed a corporate tax return reporting the deposits as gross income. However, he did not present any credible evidence to account for a nontaxable source of the deposits or offer any credible evidence that the deposits at issue were nontaxable or reported by Imperiali, Inc. We sustain respondent's determination with respect to petitioner's 2008 unreported gross receipts.

## II.    Deductions

Section 162(a) permits taxpayers to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business. See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971). Generally, the taxpayer has the burden to prove his entitlement to any deduction and must maintain adequate records to substantiate the expense underlying the deduction. Sec. 6001;

**[*10]** <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Welch v. Helvering</u>, 290 U.S. at 115. Strict substantiation rules apply to travel expenses and expenses relating to passenger vehicles. Secs. 274(d), 280F(d)(4); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). When the strict substantiation rules apply, the taxpayer must substantiate by adequate records or sufficient evidence corroborating his own statement each of the following: (1) the amount of the expense, (2) the time and the place of the expense, (3) the business purpose of the expense, and (4) his business relationship to the person benefited by the expense. Sec. 274(d); <u>see</u> <u>Shea v. Commissioner</u>, 112 T.C. 183, 187 (1999); sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46020. Taxpayers may rely on a contemporaneous log, other records such as a diary or account book that they maintained at or near the time they incurred the expense, or other sufficient evidence that includes a detailed personal statement corroborated by other evidence that has "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. <u>Id.</u> subparas. (1) through (3). A taxpayer's testimony without corroborative evidence is not sufficient substantiation. <u>Wolfgram v. Commissioner</u>, T.C. Memo. 2010-69, slip op. at 24. Petitioner did not adequately substantiate the automobile expenses for 2008 and 2009 or the travel expenses for

[*11] 2009 pursuant to the section 274(d) strict substantiation rules. He did not provide contemporaneous mileage or travel logs to substantiate the time, place, or business purpose of the automobile or travel expenses. Accordingly, he is not entitled to deduct these expenses.

Taxpayers are entitled to deduct home office expenses for the portion of their residence that they use exclusively and regularly for business purposes. Sec. 280A(c)(1); Hamacher v. Commissioner, 94 T.C. 348, 353-354 (1990). Taxpayers have the burden to prove regular and exclusive use of their residences for business purposes. Stricker v. Commissioner, T.C. Memo. 1995-530. Taxpayers must maintain records to establish the amounts and payment of the expenses. Sec. 6001. Petitioner deducted expenses allocable to 37.5% and 50% of his residence for 2008 and 2009, respectively. Respondent allowed deductions for portions of those expenses. Petitioner has failed to establish the business use of his residence or to substantiate the amounts of expenses in excess of the amounts respondent allowed in the notice of deficiency. He failed to produce any records to substantiate the amounts of his mortgage interest, real estate taxes, utilities, or management fees. Accordingly, he is not entitled to deduct home office expenses in excess of the amounts respondent allowed.

**[\*12]** Petitioner also deducted a commission expense of $20,000 for 2009.  He bears the burden of substantiating the amount and the business purpose of the expense.  The Court may estimate such an expense where the record provides a basis to make the estimate.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v Commissioner, 85 T.C. 731, 742-743 (1985).  Petitioner did not present any testimony or other evidence to substantiate the amount or business purpose of the commission expense or provide a basis for us to estimate the amount of the expense.  Nor did he establish that he incurred the expense.  Accordingly, he is not entitled to the deduction.

III.    Penalties and Additions to Tax

    A.    Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) provides for an accuracy-related penalty of 20% of an underpayment of tax attributable to negligence or disregard of rules and regulations or a substantial understatement of income tax.  Negligence includes any failure to make a reasonable attempt to comply with the Code or use ordinary and reasonable care in the preparation of a tax return, including any failure to maintain adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  "Disregard" includes careless, reckless, or intentional disregard.  Sec. 6662(c).  An understatement of

**[*13]** income tax is substantial if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d). The Commissioner bears the burden of production with respect to the taxpayer's liability for the penalties and must present sufficient evidence supporting the penalties. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to establish that the penalty should not be imposed. Higbee v. Commissioner, 116 T.C. at 446. The taxpayer has the burden to prove any defense to the penalties, including that he acted with reasonable cause and in good faith with respect to the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent determined that petitioner is liable for the section 6662(a) penalty for 2008 through 2010 as a result of his negligence and disregard of rules and regulations and, alternatively, for 2008 and 2009 on the basis of substantial understatements of income tax. We have held that petitioner failed to report a substantial portion of his gross receipts for 2008, approximately 60%. He did not report any gross receipts for 2010 and conceded that he failed to report the gross receipts for 2010 as determined by respondent. He did not present any documentation to substantiate his automobile, travel, or commission expenses for

**[*14]** 2008 and 2009.  He also claimed significant portions of the expenses relating to his personal residence as home office deductions for 2008 and 2009.  Respondent allowed portions of the home office deductions.  Petitioner did not present any substantiation for the disallowed home office expenses.  He failed to make a reasonable attempt to determine his gross income or allowable deductions for 2008 through 2010 and did not make a reasonable attempt to comply with the Code for 2008 through 2010.  We find that petitioner acted negligently and with disregard of rules and regulations for 2008 through 2010.  Alternatively, he substantially understated his income tax for 2008 and 2009 under section 6662(d).  Accordingly, he is liable for the section 6662(a) accuracy-related penalty for 2008 through 2010 unless he establishes as a defense that he acted with reasonable cause and in good faith.

The section 6662(a) accuracy-related penalty does not apply to any portion of any underpayment for which petitioner establishes that he had reasonable cause and acted in good faith.  See sec. 6664(c).  Whether a taxpayer has acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including his efforts to assess his proper tax liability, his knowledge and experience, and the extent to which he relied on the advice of a tax professional.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Petitioner argues that the

**[*15]** 2008 unreported gross receipts should have been reported on a corporate tax return for Imperiali, Inc., or alternatively that the deposits were nontaxable equity.[2] However, he has not provided any evidence to show that a corporate tax return was filed for that entity or that the gross receipts were reported on any corporate return. He failed to present any documentation for his reported business expenses. He did not establish that he made a reasonable effort to assess his proper tax liabilities. We hold that petitioner did not establish reasonable cause for the underpayments or that he acted in good faith for 2008 through 2010. Accordingly, we hold that petitioner is liable for section 6662(a) accuracy-related penalties for 2008 through 2010.

B. Late-Filing Addition to Tax

Section 6651(a)(1) imposes an addition to tax for the failure to timely file a tax return. For a late filing of not more than one month, the addition to tax is equal to 5% of the amount required to be shown as tax on the return. Id. Petitioner filed his 2008 and 2009 tax returns three days after their due dates under extension. He has not provided any explanation for his late filings and has not presented any evidence to show that they were due to reasonable cause and not willful neglect. See sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245

---

[2]Imperiali, Inc., is separate from Imperiali Organization, Inc.

**[\*16]** (1985).  Accordingly, he is liable for section 6651(a)(1) additions to tax for 2008 and 2009.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.